United States Court of Appeals,

Fifth Circuit.

No. 96-40019.

TANK INSULATION INTERNATIONAL, INCORPORATED, Plaintiff-Appellant,

v.

INSULTHERM, INC.;  et al., Defendants,

Insultherm, Inc.;  Mark A. McBride;  Thermacon, Inc., Defendants-Appellees.

Jan. 29, 1997.

Appeal from the United States District Court for the Southern District of Texas.

Before REYNALDO G. GARZA, JOLLY and DeMOSS, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

This appeal presents the question whether a Sherman Act antitrust claim is a compulsory counterclaim in a patent infringement action. The district court concluded that the claim was a compulsory counterclaim and held that, because it was not raised in the prior infringement action, it was barred by Federal Rule of Civil Procedure 13(a). The district court, therefore, dismissed the antitrust complaint, and Tank Insulation International, Inc. ("TII") appeals. We reverse the judgment of the district court.

I

In the fall of 1993, Insultherm, Inc. ("Insultherm") filed a patent infringement action against TII. TII counterclaimed for a declaratory judgment that the patent was invalid. The action was filed in the District Court for the Southern District of Texas,

Galveston Division. The district court dismissed Insultherm's case under Federal Rule of Civil Procedure 52(c), holding that the patent was unenforceable. Insultherm appealed, and the Federal Circuit reversed and remanded, holding that the evidence was insufficient to support dismissal of the case.

In January 1995, while the appeal of the dismissal of Insultherm's action was pending, TII filed this antitrust action against Insultherm, Thermacon, Inc. ("Thermacon"), and Mark McBride ("McBride") in the District Court for the Southern District of Texas, Victoria Division. Upon agreement of the parties, the antitrust action was transferred to the Galveston Division and was consolidated with the infringement action that had, at that point, been remanded by the Federal Circuit.

The trial court subsequently vacated its consolidation order. The court then dismissed the antitrust suit, finding that it was a compulsory counterclaim to the earlier patent infringement action and that it had been waived by TII's failure to plead it in the infringement answer. The district court further denied TII's motion for leave to file the antitrust claim as a counterclaim to the infringement action.

In accordance with 28 U.S.C. § 1295(a)(1), TII appealed to the Federal Circuit the denial of the motion for leave to plead a counterclaim. The Federal Circuit affirmed the denial. Simultaneously, TII appealed the dismissal of its severed antitrust suit to this court. It is this appeal that is before us today.

II

Insultherm, Thermacon and McBride first contend that this court lacks appellate jurisdiction over TII's appeal. In support of their position, they rely on 28 U.S.C.A. § 1295(a)(1), which states that "[t]he United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction ... of an appeal from a final decision of a district court of the United States ... if the jurisdiction of that court was based, in whole or in part, on section 1338 of this title." Insultherm, Thermacon and McBride assert that, because the trial court's jurisdiction over the infringement action arose from section 1338, jurisdiction over the consolidated action arose, at least in part, from that statute and, therefore, jurisdiction is in the Federal Circuit. This contention, however, fails to account for the trial court's decision to vacate the consolidation order. The district court originally had jurisdiction of the matter on appeal before us based upon the Sherman Antitrust Act and federal question jurisdiction. *See* 15 U.S.C.A. § 15(a) (West Supp.1996); 28 U.S.C.A. § 1331 (West 1993); 28 U.S.C.A. § 1337 (West Supp.1996). So long as the actions were consolidated, section 1295 unquestionably vested the Federal Circuit with exclusive jurisdiction of the entire action; however, when the consolidation order was vacated, the antitrust action returned to its original, independent status. Therefore, appellate jurisdiction is proper in this court under 28 U.S.C.A. § 1291.

B

The sole question remaining before us is whether an antitrust claim based upon an alleged conspiracy to file a wrongful patent infringement lawsuit is barred by the failure to raise the allegation as a counterclaim in the earlier infringement action. In short, we must determine whether the antitrust action was a compulsory counterclaim to the patent infringement action.

(1)

Compulsory counterclaims are addressed by Federal Rule of Civil Procedure 13(a), which reads:

> [a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

This rule provides the test for determining whether TII's antitrust claim is barred by TII's failure to assert the claim in the infringement action filed by Insultherm against TII.

We have previously addressed the appropriate inquiry to determine whether a claim is a compulsory counterclaim. In making such a determination, courts should ask:

> (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether *res judicata* would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim.

*Park Club, Inc. v. Resolution Trust Corp.,* 967 F.2d 1053, 1058 (5th Cir.1992) (citing *Plant v. Blazer Finan. Servs.,* 598 F.2d 1357, 1360 (5th Cir.1979)). If *any* of these four questions results in an

4

affirmative answer then the counterclaim is compulsory. *Id.*

The district court applied this test and concluded that TII's claim was barred because it was a compulsory counterclaim that TII had failed to assert in the infringement answer. We review the district court's decision that the claim was barred *de novo. See, e.g., Driver Music Co. v. Commercial Union Ins. Cos.,* 94 F.3d 1428, 1435 (10th Cir.1996); *Montgomery Ward Dev. Corp. v. Juster,* 932 F.2d 1378, 1379 (11th Cir.1991). The claim asserted by TII is logically related to the infringement action pursued by Insultherm. The core tenet of TII's antitrust claim is that Insultherm violated the antitrust laws by instituting an infringement action for the allegedly invalid patent. Given this clear connection, it follows that TII raised much of the same conduct by Insultherm as defenses to the infringement action that it now asserts as the basis of its antitrust claim. The evidence in the two actions is largely the same, and the two claims raise common issues of law and fact, including the allegedly fraudulent procurement of the subject patent, the validity of the patent and the existence *vel non* of any infringement. We therefore conclude that under the test set forth above, TII's antitrust claim is properly classified as a compulsory counterclaim that was required by rule 13(a) to be raised in the original infringement action. Absent some exception, therefore, TII is barred from pursuing this antitrust action, and the district court's judgment must be affirmed.

(2)

(a)

5

TII argues that, even if its claim meets the established definition of a compulsory counterclaim, it is not barred because it is saved by *Mercoid Corp. v. Mid-Continent Inv. Co.,* 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376 (1944). If TII is correct—that the Supreme Court carved out an exception to rule 13(a) for antitrust claims based on infringement actions—then this action must proceed. We have taken a very careful look at *Mercoid,* including all of its relevant background, especially because the case appears to be in conflict with rule 13(a). Notwithstanding very little analysis by the Supreme Court, we are persuaded that the Court fully intended to say what it said and that the holding was not dicta. *Mercoid* is, therefore, binding precedent and decides the question before us.

In *Mercoid,* Mid-Continent sued Mercoid for contributory infringement of a patent, contending that Mercoid manufactured a heating control device that infringed a patent held by Mid-Continent. *Mercoid,* 320 U.S. at 662, 64 S.Ct. at 269. Mercoid then asserted an antitrust counterclaim against Mid-Continent, alleging that Mid-Continent and its exclusive licensee under the subject patent "had conspired to expand the monopoly of the patent in violation of the anti-trust laws." *Id.* However, this suit by Mid-Continent (and the counterclaim by Mercoid) was brought against the background of another suit. Some five years earlier, Mid-Continent had sued Smith, a Mercoid customer, for infringement of the same patent. *See Smith v. Mid-Continent Inv. Co.,* 106 F.2d 622 (8th Cir.1939). The defense for Smith "was conducted by the

6

attorney for and at the expense of Mercoid." *Mid-Continent Inv. Co. v. Mercoid Corp.,* 133 F.2d 803, 805 (7th Cir.1942). The *Smith* court rendered judgment for Mid-Continent, holding that the subject device was patentable and that Smith was guilty of infringement. *Smith,* 106 F.2d at 631. The *Smith* court, however, did not address the validity of the subject patent other than to ascertain that the device was patentable. *Id.* at 631. The failure to address the validity of the patent was attributable to the fact that Smith had not raised the validity of the patent as a defense, nor had Smith raised as a defense the misuse of the patent or the violation of the antitrust laws. *Id.* at 624; *see also Mercoid,* 320 U.S. at 669-71, 64 S.Ct. at 273.

Thus, some five years later, when Mercoid was defending against Mid-Contintent's suit for infringement and was asserting a counterclaim for antitrust violations, Mid-Continent raised the defense of res judicata as to both Mercoid's defenses and its counterclaim. Mid-Continent argued that, because Mercoid had defended the previous action, i.e., was in privity with Smith, the principle of res judicata acted to bar litigation of "issues which were actually litigated and all issues which might have been raised in that earlier suit." *Mercoid,* 320 U.S. at 669, 64 S.Ct. at 273. Specifically, Mid-Continent argued that misuse and antitrust violations were among the defenses that Smith (Mercoid) could have raised in the earlier litigation and that those defenses were no longer available to Mercoid. *Id.*

The Supreme Court, it should be noted, was apparently

7

concerned that Mid-Continent lacked clean hands in the litigation with Mercoid. The Court, clearly assuming that Mercoid was in privity with Smith, concluded that even if Mercoid were specifically bound by the earlier judgment, the additional defenses would not be barred because, as a court of equity, it would not "aid in the consummation of a conspiracy to expand a patent beyond its legitimate scope." *Id.* The Court held that it had the discretion to "withh[o]ld aid from a patentee in suits for either direct or indirect infringement where the patent was being misused" and that the failure to raise the defense of misuse of the patent in the earlier action could not deprive the court of that discretion. *Id.* Furthermore, the Court stated that, even if Mercoid were bound by the earlier judgment as it related to defenses to Mid-Continent's contributory infringement action, Mercoid's counterclaim against Mid-Continent would still be valid. *Id.,* 320 U.S. at 669-72, 64 S.Ct. at 273-74. Specifically, the Court stated

> [even if] Mercoid were barred in the present case from asserting any defense which might have been interposed in the earlier litigation, it would not follow that its counterclaim for damages would likewise be barred. That claim for damages is more than a defense; it is a separate statutory cause of action. The fact that it might have been asserted as a counterclaim in the prior suit by reason of Rule 13(b) of the Rules of Civil Procedure ... does not mean that failure to do so renders the prior judgment res judicata as respects it.

*Id.* The Court held that the question whether Mercoid could bring its counterclaim in the present action was controlled by the rule that "where the second cause of action between the parties is upon a different claim the prior judgment is res judicata not as to

8

issues which might have been tendered but "only as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered.' " *Id.*

There is little difference in the posture of the case before the Court in *Mercoid* and our case today. The counterclaim that Mercoid was asserting against Mid-Continent, which had been also available in the earlier suit, was based upon the contention that Mid-Continent was using the litigation process to extend the scope of its patent to unpatented devices and that Mid-Continent thereby was violating the antitrust laws by extending its monopoly beyond the scope of the patent. *See* Excerpts from brief of Mercoid Corp. (reprinted at 88 L.Ed. 377 (1943)); *Mercoid,* 320 U.S. at 662, 64 S.Ct. at 269. In short, Mercoid's counterclaim alleged that the patent infringement litigation violated the antitrust laws. *See Hydranautics v. Filmtec Corp.,* 70 F.3d 533, 536 (9th Cir.1995). This is the same allegation that TII asserts in its antitrust claim, which we have made clear has every indicia of a compulsory counterclaim under rule 13(a). It follows, therefore, that Mercoid's counterclaim satisfied the established definition of a compulsory counterclaim.

Thus, viewing the Supreme Court's statement, block-quoted above, in the context of the full litigation in *Mercoid,* the Court indeed created an exception to rule 13(a) for antitrust counterclaims in which the gravamen is the patent infringement lawsuit initiated by the counterclaim defendant. The Court clearly accepted, at least for purposes of its opinion, that Mercoid

9

occupied a position equivalent to a party in the first action. Furthermore, the Court plainly held that the antitrust counterclaim was permissive—controlled by rule 13(b)—and, therefore, not barred in the second action. Thus, we cannot agree with those commentators who suggest that, because Mercoid was not a party to the previous infringement action, any discussion of rule 13 by the *Mercoid* Court is dicta.[1] It is apparent from the Court's discussion that it accepted Mid-Continent's position that Mercoid could be bound by res judicata as a result of the *Smith* decision and, consequently, treated Mercoid as a party to the previous action. Furthermore, it is clear that the Court specifically considered rule 13's application to the question before it and expressly and unambiguously held that the counterclaim was permissive.[2] Such a holding is an express holding that the counterclaim was not compulsory because under rule 13 a counterclaim is either compulsory or permissive—it cannot be both.

(b)

We must admit that the courts that have considered *Mercoid* have not reached uniform conclusions, although this lack of uniformity may be partially explained by factual distinctions. The

---

[1]*See* 6 Charles A. Wright, *Federal Practice and Procedure* § 1412, at 91 (West 1990) (noting "the discussion of whether the counterclaim was compulsory in the first action was entirely unnecessary to the court's ultimate decision, since Mercoid, although it provided the defense in the prior action, had not been a party to it and could not possibly have been foreclosed from bringing its claim ... by Rule 13(a)").

[2]This discussion of rule 13 is not dicta because the classification of the counterclaim as permissive was necessary to reach the judgment allowing the counterclaim to proceed.

10

Ninth Circuit, however, recently cited *Mercoid* in a case quite similar to the one before us today. *Hydranautics v. Filmtec Corp.,* 70 F.3d 533, 536 (9th Cir.1995). There, the court first noted that the "identity of issues" between the patent infringement claim and the antitrust counterclaim suggested classifying the antitrust claim as compulsory. *Id.* at 537. It went on the state, however, that *Mercoid* "leaves open the possibility of raising antitrust claims as permissive counterclaims in an infringement action, or in a separate and subsequent action."[3] *Id.* at 536. We agree with the Ninth Circuit. We are not persuaded by those courts that have attempted to avoid the *Mercoid* holding by limiting the holding of the case specifically to cases involving the identical facts presented in *Mercoid.*[4]

We therefore hold, for the reasons stated above, that *Mercoid* creates a limited exception to rule 13(a) for antitrust claims in which the gravamen is the patent infringement lawsuit initiated by

---

[3]Other courts have also cited *Mercoid* with approval, although not in cases as similar to this case as *Hydranautics. See, e.g., Agrashell, Inc. v. Hammons Prods. Co.,* 479 F.2d 269, 287 (8th Cir.), *cert. denied,* 414 U.S. 1022, 94 S.Ct. 445, 38 L.Ed.2d 313 (1973) (concluding that plaintiff's argument that antitrust claim should be barred because of failure to raise in first infringement action between parties was precluded by *Mercoid* ); *Switzer Bros., Inc. v. Locklin,* 207 F.2d 483, 487 (7th Cir.1953), *cert. denied,* 347 U.S. 912, 74 S.Ct. 477, 98 L.Ed. 1069 (1954) (concluding that intervenor's antitrust claim was permissive counterclaim under *Mercoid* ).

[4]*See Burlington Indus. Inc. v. Milliken & Co.,* 690 F.2d 380, 389 (4th Cir.1982), *cert. denied,* 461 U.S. 914, 103 S.Ct. 1893, 77 L.Ed.2d 283 (1983); *United States v. Eastport Steamship,* 255 F.2d 795, 805 (2nd Cir.1958).

11

the counterclaim defendant.[5]

### III

In conclusion, we hold that this court has jurisdiction because the district court vacated its consolidation order and, as a result, Insultherm's infringement action and TII's antitrust action reverted to their original status as independent cases. Jurisdiction over the case presently on appeal is not premised on 28 U.S.C. § 1338 and, thus, the Federal Circuit does not have exclusive jurisdiction.

Furthermore, Federal Rule of Civil Procedure 13(a) requires that certain claims be asserted as counterclaims in order to promote judicial economy and fairness. Absent an applicable exception, the present claim should have been raised as a counterclaim under rule 13(a). The Supreme Court in *Mercoid,* however, created an exception to rule 13(a) that saves TII's claim. Under *Mercoid,* claims of this type are only permissive counterclaims, falling under rule 13(b), and therefore, are not barred if a party chooses to bring the claim after the conclusion of the initial action.

We thus hold that TII's claim is not barred by rule 13(a). The judgment of the district court is REVERSED and the case is REMANDED for further proceedings not inconsistent with this opinion.

---

[5]Because of the fit of the facts between Mercoid's counterclaim and TII's counterclaim, it is unnecessary for us to decide today whether the *Mercoid* exception applies to every antitrust counterclaim arising in the patent infringement context.

REVERSED and REMANDED.