UNITED STATES of America and State of Florida, ex rel. Louis H. MUELLER, Plaintiffs/Counter–Defendants,

v.

ECKERD CORPORATION, Defendant/Counter– Plaintiff.

No. 95–2030–Civ–T–17C.

United States District Court, M.D. Florida, Tampa Division.

Feb. 22, 1999.

Jay G. Trezevant, U.S. Attorney's Office, Tampa, FL, Michael F. Hertz, Alan E. Kleinburd, U.S. Dept. of Justice, Civil Division, Washington, DC, Gary J. Takacs, James, Hoyer & Newcomer, P.A., Tampa, FL, Allie Pang, U.S. Department of Justice, Commercial Litigation Branch, Civil Division, Washington, DC, for USA, plaintiff.

Gary J. Takacs, James, Hoyer & Newcomer, P.A., Tampa, FL, for Louis H. Mueller, plaintiff.

Todd Bradshaw Grandy, Attorney General's Office, Dept. of Legal Affairs, Tampa, FL, Mark H. Schlein, State of Florida, Department of Legal Affairs, Tallahassee, FL, for State of Florida, ex rel., plaintiff.

Robert R. Vawter, Jr., Donald Roger Schmidt, David Matthew Allen, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, FL, for Eckerd Corporation, defendant.

### ORDER ON PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

KOVACHEVICH, Chief Judge.

THIS CAUSE is before the Court on Plaintiffs/Counter–Defendants' Motion to Dismiss Defendants/Counter–Plaintiff's Counterclaim filed December 7, 1998 (Docket No. 89) and response thereto filed January 11, 1999 (Docket No. 95).

#### Standard of Review

A district court should not dismiss a complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims.

*See Blumel v. Mylander,* 919 F.Supp. 423, 425 (M.D.Fla.1996). At a minimum, the Federal Rules of Civil Procedure require a "short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See Conley,* 355 U.S. at 47, 78 S.Ct. 99 [quoting Fed.R.Civ.P. 8(a)(2)].

In deciding a motion to dismiss, the court can only examine the four corners of the complaint. *See Rickman v. Precisionaire, Inc.,* 902 F.Supp. 232 (M.D.Fla.1995). The threshold sufficiency that a complaint must meet to survive a motion to dismiss is pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The Government asserts that Eckerd's counterclaim is premature because Eckerd "failed to exhaust its 'formal' administrative remedies by pursuing its claims before AHCA pursuant to Florida's Administrative Procedures Act." (Docket No. 95).

### Discussion

■ The Court must first address whether or not the counterclaim brought by Eckerd is compulsory before the issue of exhaustion of administrative remedies may be addressed. Under Fed.R.Civ.P. 13(a), if a defending party's counterclaim arises from the same transaction or occurrence that is the subject matter of the plaintiff's claim then the counterclaim is compulsory. *See Plant v. Blazer Fin. Serv.,* 598 F.2d 1357 (5th Cir.1979). The test the Court uses to determine whether the claim and counterclaim arise from the same transaction or occurrence is the logical relation test. *See Republic Health Corp. v. Lifemark Hospitals,* 755 F.2d 1453, 1455 (11th Cir.1985); *see also U.S. v. Aronson,* 617 F.2d 119, 121 (5th Cir.1980); *Revere Copper & Brass, Inc. v. Aetna Casualty & Surety Co.,* 426 F.2d 709, 714 (5th Cir.1970); and *Montgomery Ward Development Corp. v. Juster,* 932 F.2d 1378 (11th Cir.1991) ("every compulsory counterclaim must necessarily pass the 'logical relationship' test"). Under that test, a logical relationship exists when "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, other-

wise dormant." *See Plant,* 598 F.2d at 1361. This is a loose standard, which permits a "broad realistic interpretation in the interest of avoiding a multiplicity of suits." *See U.S. v. Amtreco, Inc.,* 790 F.Supp. 1576, 1580 (M.D.Ga.1992) (quoting *Plant* at 598 F.2d at 1361).

■ Applying the logical relationship test to the facts of this case, the Court finds that Eckerd's claim does not arise out of the "same transaction or occurrence" as the claims alleged by the Government. The Government's complaint is based on "false or fraudulent statements, representations, and claims to Medicaid, the Civilian Health and Medical Program of the Uniformed Services ("CHAMPUS") and the Federal Employees Health Benefits Program ("FEHBP") for payment of prescriptions that were only partially filled." (Docket No. 85). Eckerd's counterclaim is based on "thousands of instances" where "Florida Medicaid breached applicable contracts with Eckerd's by failing to pay for drugs dispensed to Medicaid member/beneficiaries located in Florida, or by paying Eckerd a lesser amount for prescription drugs than the amount authorized by Florida Medicaid's own rules and regulations." (Docket No. 80). Even applying the loose standard to the legal and factual issues presented by Eckerd, the claims are not "offshots of the same controversy between the parties." *See id.* (quoting *Aetna* at 714). Although Eckerd's claim does involve payment for the filling of prescriptions, it goes far beyond the narrow issue of fraudulent billing alleged by the government.

The factual and legal issues share only the fact that they pertain to prescriptions, beyond this no similarities exist. The transaction or occurrence alleged by the Government is partially filling prescriptions and subsequently filing false or fraudulent statements, representations and claims in violation of both federal and state statutes. Eckerd alleges wrongful denial of claims for prescriptions it maintains were properly filled. The underlying factual and legal principles giving rise to these two claims are vastly different and do not arise from the same transaction or occurrence.

In addition, Eckerd states the counter-claim is "unquestionably compulsory" because paragraph 1 of the counterclaim must be *taken as true* for purposes of the Government's Motion to Dismiss. *See Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (emphasis added). However, in order to survive a motion to dismiss, the moving party may not merely label his or her claims. *See Blumel,* 919 F.Supp. at 425. Paragraph one of Eckerd's Counterclaim states, "This is a compulsory Counterclaim for breach of contract arising out of the facts described in the complaint herein." This statement alone, even if taken as true, does not satisfy the standard for pleading set forth by the Federal Rules of Civil Procedure. Even taking the counterclaim in its entirety as true and in the light most favorable to moving party, Eckerd does not meet the procedural requirement for a compulsory counterclaim under Rule 13(a) and the logical relationship test. The purpose of Rule 13(a) is to achieve economy, fairness and consistency by bringing "logically related" suits together. By their own admission Eckerd's admits this complaint involves "thousands of instances" which are "too numerous to list." (Docket No. 80). Neither justice nor economy would be served by allowing this counterclaim to be brought at this time. Accordingly, it is

**ORDERED** that Plaintiffs/Counter–Defendant's Motion to Dismiss Counterclaim (Docket No. 89) be **GRANTED** and the Counterclaim be dismissed in its entirety from this action.

**DONE** and **ORDERED.**