SANDWICH CHEF OF TEXAS, INC. d/b/a
Wall Street Deli, Individually and for
Others Similarly Situated, Plaintiffs,

v.

RELIANCE NATIONAL INDEMNITY IN-
SURANCE COMPANY f/k/a Planet In-
surance Company, et al., Defendants.

No. CIV A H–98–1484.

United States District Court,
S.D. Texas,
Houston Division.

Aug. 8, 2001.

Scott Monroe Clearman, McClanahan &
Clearman, Houston, TX, Charles M. Silver,
Attorney at Law, Austin, TX, Susan Klein,
Attorney at Law, Austin, TX, for Sandwich
Chef of Texas Inc. and Crown Cork and Seal
Co.

Van Harold Beckwith, Baker & Botts, Dal-
las, TX, Jeffrey J. Cox, Baker & Botts, Dal-
las, TX, Robert W. Jordan, Baker Botts
LLP, Dallas, TX, William Paul Johnson, Bak-
er & Botts, Dallas, TX, for Reliance National
Indemnity Insurance Co., Reliance Insurance
Company, Reliance Lloyds, Reliance Nation-
al Insurance Company, and United Pacific
Insurance.

William R. Pakalka, Fulbright & Jaworski,
Houston, TX, Richard N. Carrell, Fulbright
& Jaworski, Houston, TX, for Home Insur-
ance Co.

D. Gibson Walton, Vinson & Elkins, Hous-
ton, TX, Robert C. Walters, Vinson & Elkins,
Dallas, TX, for Liberty Mutual Insurance
Company, Liberty Mutual Fire Insurance
Company, Liberty Insurance Corporation.

Michael H. Barr, Sonnenschein, Nath &
Rosenthal, New York City, Roger D. Hig-
gins, Thompson Coe et al., Dallas, TX, Margo
Weinstein, Sonnenschein, Nath et al., Chica-
go, IL, for American and Foreign Insurance
Company, Globe Idemnity Company, Royal
Indemnity Company, Royal Insurance Com-
pany of America, Safeguard Insurance Com-
pany.

David J. Schubert, Lynn Tillotson et al.,
Dallas, TX, for Bituminous Casualty, Bitumi-
nous Fire and Marine Insurance Company,
Great West Casualty Insurance Company,
International Business & Mercantile Reas-
surance Company, Old Republic Insurance
Company.

J. Hampton Skelton, Skelton Woody & Arnold, Austin, TX, for The North River Insurance Company, International Insurance Company, Westchester Fire Insurance Company, United States Fire Insurance Company, United States Fidelity and Guaranty Company, Fidelity & Guaranty Insurance Underwriters Inc.

Brian Carl Newby, Cantey Hanger et al., Austin, TXCraig P. Kalil, Aballi Milne et al., Miami, FL, Forrest C. Roan, Cantey & Hanger et al., Austin, TX, for Industrial Indemnity Company.

David T. Moran, Jackson & Walker, Dallas, TX, for Chubb Indemnity Insurance Company, Chubb Lloyds Insurance Company of Texas, Federal Insurance Co., Great Norther Insurance Co., Northwestern Insurance Co., Pacific Indemnity Co., Sun Insurance Office of America Inc., Texas Pacific Indemnity Co., Vigilant Insurance Co.

Patricia J. Villareal, Jones Day et al., Dallas, TX, James L. Sowder, Thompson Coe Cousins & Irons, Dallas, TX, for Highlands Insurance Co., Highlands Underwriters Insurance Co., Highlands Casualty Co., Aberdeen Insurance Co.

David J. Healy, Weil Gotshal et al., Houston, TX, Robert Blake Lytle, Arnold White & Durkee, Houston, TX, for Hartford Accident & Indemnity Co., Hartford Casualty Insurance Co., Hartford Fire Insurance Co., Hartford Insurance Co. of the Midwest, Hartford Lloyds Insurance Co., Hartford Underwriters Insurance Co., New England Insurance Co., New England Reinsurance Corp., Property & Casualty Insurance Co. of Hartford, Trumbull Insurance Co., Twin City Fire Insurance Co.

Lyman Gary Hughes, Carrington Colemant et al., Dallas, TX, for Bankers Standard Insurance Co., Century Indemnity Co., Indemnity Insurance Co. of North America, and Pacific Employers Insurance Co.

Rowe W. Snider, Lord Bissell & Brook, Chicago, IL, Ernest Ryan Higginbotham, Stasburger and Price, Dallas, TX, J. Wiley George, Strasburger & Price, Houston, TX, Randall A. Hack, Lord Bissell & Brook, Chicago, IL, Joseph E. Coughlin, Lord Bissell & Brook, Chicago, IL, for Atlantic Insurance Co., The Automobile Insurance Co. of Hartford Connecticut, The Charter Oak Fire Insurance Co., Farmington Casualty Co., Gulf Group Lloyds, Gulf Insurance Co., The Nippon Fire/Marine Insurance Co. Ltd., Phoenix Insurance Co., Select Insurance Co., Standard Fire Insurance Co., Travelers Casualty & Surety Co., Travelers Casualty and Surety Co. of America, Travelers Casualty and Surety Co. of Illinois, The Travelers Indemnity Co., Travelers Indemnity Co. of America, Travelers Indemnity Co. of Connecticut, Travelers Indemnity Co. of Illinois, Travelers Insurance Co.

Michael Lowenberg, Akin Gump Strauss Hauer and Feld, Dallas, TX, for Argonaut Insurance Co., Argonaut-Midwest Insurance Co., Argonaut Southwest Insurance Co.

Curtis L. Frisbie, Jr., Gardere Wynne et al., Dallas, TX, for American Home Assurance Co., Birmingham Fire Insurance Co. of Pennsylvania, Commerce & Industry Insurance Co., Granite State Insurance Co., Illinois National Insurance Co., Insurance Co. of the State of Pennsylvania, National Union Fire Insurance Co. of Pittsburgh, PA, New Hampshire Insurance Co.

David L. Orr, Kuperman Orr et al., Austin, TX, Michael L. McCluggage, Wildman Harrold et al., Chicago, IL, for American Manufacturers Mutual Insurance Co., American Motorists Insurance Co., American Protection Insurance Co., Lumbermens Mutual Casualty Co.

Joel W. Mohrman, McGlinchey Stafford, Houston, TX, James R. Safley, Robins Kaplan et al., Minneapolis, MN, Robert J. Gilbertson, Robins Kaplan et al., Minneapolis, MN, Thomas B. Keegan, Robins Kaplan et al., Chicago, IL, for Emcasco Insurance Co., Employers Mutual Casualty Co., Farmland Mutual Insurance Co., Nationwide Agribusiness Insurance Co., Nationwide Indemnity Insurance Co., Nationwide Mutual Fire Insurance Co., Nationwide Mutual Insurance Co., Nationwide Property and Casualty Insurance Co., Scottsdale Indemnity Co., Middlesex Insurance Co., Sentry Insurance, Employers Insurance of Wausau, Wausau Business Insurance Co., Wausau Underwriters Insurance Co.

John E. Chapoton, Jr., Cunningham Darlow et al., Houston, TX, Michael L. McCluggage, Wildman Harrold et al., Chicago, IL, for Agricultural Ins. Co., American Alliance Ins. Co., American National Fire Ins. Co., Great American Ins. Co., Mid-Continent Casualty Co.

## ORDER

HITTNER, District Judge.

Pending before the Court is the Motion to Sever Reliance's Permissive Counterclaim filed by Plaintiff Sandwich Chef of Texas d/b/a Wall Street Deli (Document #417). Having considered the motion, submissions and applicable law, the Court determines that the motion should be granted.

Plaintiff Sandwich Chef of Texas d/b/a Wall Street Deli ("Wall Street") filed suit against Defendant Reliance National Indemnity Insurance Company ("Reliance") and other insurance companies, asserting that Defendants violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 ("RICO"). Wall Street seeks to recover RICO damages for itself and a proposed class of employers who purchased retrospectively rated workers' compensation insurance in one or more of forty-four states and the District of Columbia.

On December 14, 2000, Defendant Reliance filed a counterclaim for breach of contract against Wall Street, alleging that Wall Street failed to pay workers' compensation premiums as well as automobile and general liability insurance premiums. Wall Street subsequently filed a class action counterclaim to Reliance's counterclaim, asserting claims for breach of contract and fraud based upon Reliance's automobile and general liability insurance counterclaim.

Wall Street contemporaneously filed the instant motion to sever pursuant to Federal Rule of Civil Procedure 21. Wall Street asks the Court to sever Reliance's counterclaim (based on automobile and general liability insurance premiums) together with Wall Street's class action counterclaim, as demonstrated below:

| Pleading | Claim | Based Upon |
|---|---|---|
| Wall Street's Original Class Action Claim | RICO | Workers' Compensation (scheme to defraud) |
| Reliance's Counterclaim | Breach of Contract | Workers' Compensation (premiums) |
| | * Breach of Contract | Automobile & General Liability Insurance (premiums) |
| Wall Street's Class Action Counterclaim | * Breach of Contract & Fraud | Automobile & General Liability Insurance (deductibles) |

* *Claims that Wall Street seeks to sever in the instant motion.*

■ The parties dispute whether Reliance's counterclaim concerning alleged nonpayment of automobile and general liability insurance premiums is a compulsory counterclaim.[1] Compulsory counterclaims are claims against an opposing party that arise out of the transaction or occurrence that is the subject matter of the opposing party's claim. FED. R. CIV. P. 13(a). In determining whether a claim is a compulsory counterclaim, courts should ask: (1) whether the issues of fact and law raised by the claim and counterclaim are largely the same, (2) whether res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule, (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim, and (4) whether there is any logical relationship between the claim and the counterclaim. *E.g., Tank Insulation Int'l v. Insultherm, Inc.*, 104 F.3d 83, 85–86 (5th Cir. 1997). If any question is answered in the affirmative, the counterclaim is compulsory.

1. Wall Street argues that the counterclaim relating to automobile and general liability insurance premiums is in fact a claim for alleged nonpayment of *deductible* automobile and general liability insurance premiums. The Court notes this disagreement but will refer to Reliance's claim as one for premiums (rather than deductibles) for the sake of consistency.

*Id.* at 86. The Fifth Circuit follows the "logical relationship" inquiry, giving consideration to "whether the claim and counterclaim share an 'aggregate of operative facts.'" *E.g., New York Life Ins. Co. v. Deshotel,* 142 F.3d 873, 882 (5th Cir.1998) (citing *McDaniel v. Anheuser–Busch, Inc.,* 987 F.2d 298, 304 (5th Cir.1993)).

The Fifth Circuit employs a liberal test for determining whether counterclaims are compulsory, predicated on the policy that related disputes between parties should be settled in a single lawsuit. *E.g., Plant v. Blazer Fin. Servs., Inc. of Georgia,* 598 F.2d 1357, 1361 (5th Cir.1979); *see also* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER AND MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1410, p. 50 (2d ed.1990). However, "even the most liberal construction of the provision cannot operate to make a counterclaim that arises out of an entirely different or independent transaction or occurrence compulsory under Rule 13(a)." WRIGHT ET AL. at § 1410, p. 51–52.

■ Wall Street argues in its motion to sever that "[a]lthough Reliance's counterclaim concerning Wall Street's alleged nonpayment of deductible automobile and general liability insurance premiums relates to insurance, it goes far beyond the narrow issue of fraudulent workers' compensation billings alleged in Wall Street's complaint. Simply put, the claims are not offshoots of the same controversy." In response, Reliance contends that the pricing for Wall Street's automobile, workers' compensation, and general liability insurance was negotiated and sold in one transaction; thus, its counterclaim based on this single transaction constitutes a compulsory counterclaim.

In this case, the transaction that is the subject matter of Wall Street's RICO claim is different from the transaction relating to Reliance's counterclaim for automobile and general liability insurance premiums. The transaction that forms the basis of Wall Street's original claim is an alleged scheme by Defendants to defraud workers' compensation policyholders. In contrast, Reliance's counterclaim is based upon a transaction between Wall Street and Reliance involving the negotiation and pricing of Wall Street's insurance policies. Although the Supreme Court has stated that the term "transaction" is a word of flexible meaning, *e.g., Moore v. New York Cotton Exchange,* 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926), in this case the transaction at the core of Wall Street's RICO claim is unrelated to the transaction concerning Reliance's breach of contract counterclaim.[2]

The Court also notes that Wall Street's original claim and Reliance's counterclaim do not arise from the same aggregate of operative facts. First, there are significant factual distinctions between the workers' compensation policies, which form the basis of Wall Street's RICO claim, and the automobile and general liability insurance policies, which form the basis of Reliance's counterclaim.[3] Second, Wall Street's original claim is based on an entirely different legal theory than Reliance's counterclaim—i.e., RICO versus breach of contract. Third, the negotiation of insurance premiums is not at issue in Wall Street's RICO claim. Wall Street's original claim is based upon the Defendants' alleged inflation of residual market subsidies that were fixed by filed rates, not upon Defendants' negotiation of the insurance policies and resulting premium payments.

Moreover, the situation here is distinguishable from Fifth Circuit cases finding that the logical relationship test is met when a transaction gives rise to both plaintiff's and defendant's claims. *See, e.g., Deshotel,* 142 F.3d at 882 (claim and counterclaim arose from the

---

**2.** The Court finds the reasoning in *United States ex rel. Mueller v. Eckerd Corp.,* 184 F.R.D. 686 (M.D.Fla.1999), to be persuasive. In *Mueller,* the court determined that a counterclaim was not compulsory when the original complaint was based on fraudulent statements to Medicaid and the counterclaim was based on failure to pay for prescriptions. *Id.* at 687.

**3.** For example: (1) each insurance policy is a separate contract with distinct policy numbers, coverage conditions, terms and exclusions; and (2) the deductible insurance for the automobile and general liability policy is different and unrelated to the workers' compensation retrospectively-rated insurance (which has no deductibles).

purchase of life insurance and subsequent beneficiary designation; further, plaintiff did not argue that the claims were not logically and factually related); *McDaniel,* 987 F.2d at 304 (claims and counterclaims all arose from single accident at railyard); *Plant,* 598 F.2d at 1361 (single loan transaction gave rise to truth-in-lending action and debt counterclaim). Here, as discussed *supra,* the transaction that is the focus of Wall Street's original claim is unrelated to the transaction at issue in the counterclaim. Accordingly, the above cases do not lead to a conclusion that Reliance's counterclaim is a compulsory counterclaim.

Given the foregoing, the Court determines that Reliance's counterclaim is not a compulsory counterclaim under Rule 13(a), but rather, is a permissive counterclaim under Rule 13(b). Pursuant to Rule 21, the Court determines that Reliance's counterclaim, together with Wall Street's class action counterclaim, should be severed from the instant action. *See* FED. R. CIV. P. 21 ("Any claim against a party may be severed and proceeded with separately.").

Finally, the Court declines Reliance's request to require Wall Street to replead its class action counterclaim for breach of contract and fraud in an amended complaint. To do so at this time would be unfairly prejudicial to Wall Street's motion for class certification. Accordingly, Reliance's request is denied. Given the foregoing, the Court hereby

ORDERS that the Motion to Sever Reliance's Permissive Counterclaim filed by Plaintiff Sandwich Chef of Texas d/b/a Wall Street Deli (Document # 417) is GRANTED. Defendant Reliance National Indemnity Insurance Company's permissive counterclaim (asserting a claim for breach of contract based upon automobile and general liability insurance premiums) and Plaintiff Sandwich Chef of Texas, Inc. d/b/a Wall Street Deli's class action counterclaim (asserting claims for breach of contract and fraud based upon automobile and general liability insurance deductibles) are hereby SEVERED from the instant action pursuant to Federal Rule of Civil Procedure 21. The Court further

ORDERS that these severed claims be given a new file number, H–98–1484(A), so that independent judgment may be rendered by this Court. The Court further

ORDERS that the parties refile, under file number H–98–1484(A), the severed claims as a complaint and counterclaim within ten days of entry of this order.