ISHEE, J.,
for the Court.
¶ 1. Appellant, Tyler Marine Services, Inc. (“Tyler Marine”), brought suit against Appellee, Aqua Yacht Harbor Corporation (“Aqua Yacht”), for negligence and loss of business income stemming from a fire which destroyed buildings owned by Aqua Yacht and leased by Tyler Marine. The Circuit Court of Tishomingo County granted Aqua Yacht’s motion for summary judgment on the grounds that Tyler Marine’s claim was procedurally barred, reasoning that it should have been brought as a compulsory counterclaim in an earlier lawsuit stemming from the same incident. Finding no error, we affirm the trial court’s grant of summary judgment.
FACTS
¶ 2. Tyler Marine leased buildings from Aqua Yacht in 1991 in order to operate a marine repair and fuel dock facility. In August of 1992, the repair and service facility was destroyed by a fire, though the fuel dock survived. Tyler Marine allegedly lost all repair records, repair tools, and repairs inventory as a result of the fire.
¶ 3. In 1993, a customer of Tyler Marine, Wayne Lomax, filed a negligence suit in the United States District Court for the Northern District of Mississippi against *495 Tyler Marine and Aqua Yacht as co-defendants for damages to his boat resulting from the fire. Tyler Marine and Aqua Yacht each filed cross-claims against one another for indemnity. However, Lomax’s claims against Tyler Marine and Aqua Yacht were dismissed with prejudice in 1995.
¶ 4. Also in 1993, Tyler Marine and Aqua Yacht renegotiated the lease, additionally executing other documents, including a mutual release which specifically exempted Tyler Marine’s right to sue Aqua Yacht as a result of the fire.
¶ 5. In 1995, while the Lomax action was still pending, Tyler Marine filed suit against Aqua Yacht in the Circuit Court of Tishomingo County alleging negligence and asking for damages for loss of use of the facility, loss of inventory, and loss of income. Aqua Yacht filed a motion for summary judgment, asserting that Tyler Marine’s claims were procedurally barred because they should have been brought as compulsory counterclaims in the Lomax suit. Though the Lomax suit was still pending at this time, Tyler Marine took no steps to amend its pleadings in that suit to include the claims against Aqua Yacht. The trial judge subsequently granted Aqua Yacht’s motion for summary judgment.
¶ 6. In April 1999, Tyler Marine filed a motion for reconsideration, which was granted in December 2001. However, in January of 2002, Aqua Yacht moved to reconsider and vacate the December 2001 order. The trial court denied Aqua Yacht’s motion, but indicated that it would consider the points and authorities submitted by the parties. In December 2004, after consideration of the evidence and pleadings, the Court again found that Aqua Yacht was entitled to summary judgment as a matter of law because of Tyler Marine’s failure to raise the issues as compulsory counterclaims in the Lomax suit. Aggrieved, Tyler Marine appeals, asserting that the trial court misapplied Mississippi law as it relates to Mississippi Rule of Civil Procedure 13(a), and thus erred in granting summary judgment to Aqua Yacht. Aqua Yacht, conversely, argues that Federal Rule of Civil Procedure 13 bars further prosecution of this case, and that the trial court’s grant of summary judgment should thus be affirmed.
ISSUES AND ANALYSIS
¶ 7. We first note that this Court reviews a trial court’s grant of summary judgment under a de novo standard. Owens v. Thomae, 904 So.2d 207, 208(¶ 7) (Miss.Ct.App.2005).
¶ 8. Mississippi Rule of Civil Procedure 13 states, in pertinent part:
(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party if it arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. But the pleader need not state the claim if:
[[Image here]]
(3) the opposing party’s claim is one which an insurer is defending.
In the event an otherwise compulsory counterclaim is not asserted in reliance upon any exception stated in, paragraph (a), relitigation of the claim may nevertheless be barred by the doctrines of res judicata or collateral estoppel by judgment in the event certain issues are determined adversely to the party electing not to assert the claim.
¶ 9. Tyler Marine asserts, citing Rule 13(a)(3), that, because both it and *496 Aqua Yacht were represented by their respective insurance companies in the Lo-max suit, it was exempt from the requirement that it file its counterclaim in that suit. Tyler Marine further asserts that, because the Lomax claims were dismissed with prejudice as to both Aqua Yacht and Tyler Marine, its situation fits squarely into the last paragraph of Rule 13(a).
¶ 10. We first note that Federal Rule of Civil Procedure 18, unlike Mississippi Rule of Civil Procedure Rule 13(a)(3), has no insurer exception. Federal Rule of Civil Procedure 13(a) states only:
A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.
“A counterclaim which is compulsory but is not brought is thereafter barred.” McDaniel v. Anheuser-Busch, Inc., 987 F.2d 298, 304 (5th Cir.1993) (quoting Baker v. Gold Seal Liquors, Inc., 417 U.S. 467, 469 n. 1, 94 S.Ct. 2504, 41 L.Ed.2d 243 (1974)).
¶ 11. Because the Lomax suit was pending in federal court, we find that the Federal Rules of Civil Procedure applied to Tyler Marine’s counterclaim. The claim of Aqua Yacht, the opposing party, against Tyler Marine, which concerned indemnity, stemmed from the same transaction or occurrence as Tyler Marine’s later claim in state court against Aqua Yacht. As such, Tyler Marine’s claim against Aqua Yacht should clearly have been brought as a compulsory counterclaim in the Lomax suit rather than as an independent state court claim.
¶ 12. Tyler Marine also asserts that, had it brought the claims in the Lomax case, the claims would have been cross-claims rather than counterclaims according to the language of Mississippi Rule of Civil Procedure 13(g), which states, in pertinent part:
(g) Cross-Claim Against Co-Party. A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of the claim asserted in the action against the cross-claimant.
We find this contention to be without merit as Tyler Marine’s claim fits squarely within the definition of a compulsory counterclaim set forth by Federal Rule of Civil Procedure 13(a). Tyler Marine and Aqua Yacht, though co-defendants, became “opposing parties” within the meaning of Federal Rule of Civil Procedure-13 when they filed cross-claims against one another for indemnity in the Lomax suit. Once co-defendants file cross-claims against one another, hence becoming opposing parties, any other claims they have against one another arising from the same transaction or occurrence which constitutes the subject matter of the cross-claims become compulsory counterclaims, unless some exception applies. See 3 J. MooRE, Moore’s Federal PRACTICE § 13.34[1] (2d ed.1985).
¶ 13. The purpose of both Mississippi Rule of Civil Procedure 13(a) and Federal Rule of Civil Procedure 13(a) is to bring a just and speedy resolution to all claims between parties arising out of the same transaction or occurrence and thus *497 avoid unnecessary litigation and expenditure of judicial resources. See Tank Insulation Int’l, Inc. v. Insultherm, Inc., 104 F.3d 83, 88 (5th Cir.1997); M.R.C.P. 13 cmt. Such purpose would be thwarted were the rules concerning compulsory counterclaims not enforced as intended.
¶ 14. Because Tyler Marine should have brought its claim against Aqua Yacht as a compulsory counterclaim in the Lo-max suit, we agree with the trial court that the claim is procedurally barred and thus affirm the trial court’s grant of summary judgment.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF TISHOMINGO COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, AND BARNES, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.