# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10462

United States Court of Appeals
Fifth Circuit

**FILED**
April 23, 2019

Lyle W. Cayce
Clerk

RPV, LIMITED, AS TRUSTEE FOR THE VILLAGE TRUST,

> Plaintiff - Appellant

v.

NETSPHERE, INCORPORATED; MANILA INDUSTRIES, INCORPORATED,

> Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-02778

Before STEWART, Chief Judge, and DAVIS and ELROD, Circuit Judges.
PER CURIAM:*

This dispute centers around a settlement agreement. Manila Industries, Inc. and Netsphere, Inc. (collectively, "the Netsphere Parties") sued Ondova Limited Co., Jeffrey Baron, Equity Trust, and the Village Trust (collectively, "the Baron Parties") for breach of the settlement agreement. RPV, Ltd. is the trustee for the Village Trust. In a separate lawsuit now before us on appeal,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10462

RPV sued the Netsphere Parties for breach of the same settlement agreement. The Netsphere Parties argued RPV's claims were compulsory counterclaims that needed to be brought in the original litigation and filed a motion to dismiss. The district court agreed and granted the motion to dismiss. For the reasons below, we AFFIRM.

## I.

This case arises out of ongoing litigation that began in 2006. Manila is a domain name registration business that utilizes Netsphere's proprietary computer software to identify and register Internet domain names. Manila, as the owner of the domain's web pages, granted an exclusive license to Netsphere to operate the web pages and generate income through advertising links. A dispute arose in 2006 between the Netsphere Parties and nonparties Ondova and Baron. That dispute, which generated two separate lawsuits in California and Texas, resulted in a global settlement agreement (hereinafter, the "First Settlement Agreement").

In 2009, the Netsphere Parties filed suit against Ondova and Baron in the Northern District of Texas for alleged breaches of the First Settlement Agreement ("*Netsphere I*"). In that case, the parties entered into the Mutual Settlement and Release Agreement (hereinafter, the "Second Settlement Agreement"). The Netsphere Parties later filed an amended complaint alleging several causes of action, including a breach of the Second Settlement Agreement. The amended complaint included the Village Trust as a named defendant. The plaintiff in this case, RPV, is the appointed trustee for the Village Trust, which is a signatory to the Second Settlement Agreement.

*Netsphere I* was administratively closed on March 27, 2015, due to one of the Baron Parties filing for bankruptcy. In its order, the court stated "[n]othing in this order shall be considered a dismissal or disposition of this

No. 18-10462

case. No motion to reopen the case or any other motion may be filed without express written leave of the court."

RPV filed this lawsuit in 2016 over alleged breaches of the Second Settlement Agreement by the Netsphere Parties. The Netsphere Parties argued that RPV's claims were compulsory counterclaims in *Netsphere I* under Federal Rule of Civil Procedure 13(a) and filed a motion to dismiss. The district court agreed and granted the motion to dismiss. RPV appeals.

## II.

We review de novo a district court's decision to bar a claim on the basis that it was a compulsory counterclaim in another action. *See Tank Insulation Int'l, Inc. v. Insultherm, Inc.*, 104 F.3d 83, 86 (5th Cir. 1997).

## III.

RPV asserts three independent bases that preclude dismissal under Federal Rule of Civil Procedure 13(a): (1) the law, facts, evidence and witnesses are not the same in this case and *Netsphere I*, which refutes the notion that a logical relationship exists between the two lawsuits; (2) RPV was not a party in *Netsphere I*; Netsphere sued the Village Trust and failed to sue or serve RPV as the trustee; and (3) no answer was filed or required in *Netsphere I*.

Federal Rule of Civil Procedure 13(a) designates as a compulsory counterclaim:

> [A]ny claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.

If a party fails to bring a compulsory counterclaim in the original action, it is barred from asserting the claim in a later suit. *See Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974); *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d

No. 18-10462

298, 304 (5th Cir. 1993) (quoting *Baker*). A counterclaim is compulsory if any of the following questions can be answered affirmatively:

(1) whether the issues of fact and law raised by the claim and counterclaim largely are the same;

(2) whether *res judicata* would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule;

(3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and

(4) whether there is any logical relationship between the claim and the counterclaim.

*Park Club, Inc. v. Resolution Tr. Corp.*, 967 F.2d 1053, 1058 (5th Cir. 1992) (citation omitted). A logical relationship exists "when the counterclaim arises from the same 'aggregate of operative facts' in that the same operative facts serve[] as the basis of both claims[.]" *Plant v. Blazer Fin. Servs., Inc. of Ga.*, 598 F.2d 1357, 1361 (5th Cir. 1979).

RPV first asserts that the law, facts, evidence and witnesses are separate and distinct between its claims and the Netsphere Parties' claims. RPV's assertion is without merit and borders on frivolous.[1] The claims in this case revolve around the parties' compliance with the same settlement agreement

---

[1] In discussing the entities affiliated with RPV in the *Netsphere I* proceedings, the district court remarked:

> The multiple filings by different lawyers, whether in the name of Baron, the LLCs, the Village Trust, or other offshore entities connected to the trust and Baron has been an ongoing tactic conveniently employed to delay, confuse, manipulate, and disrupt the proceedings in this case, the bankruptcies, and related cases, and the court strongly suspects, based on its familiarity with the record in this, the bankruptcies, and other related cases, that Baron and those acting on his behalf are the source of this disruptive conduct.

*Netsphere, Inc. et al v. Baron et al*, 3:09-cv-00988-L, ECF No. 1447 at 21, n.9 (N.D. Tex., Mar. 27, 2015).

4

disputed in *Netsphere I*. As such, they are compulsory counterclaims under Federal Rule of Civil Procedure 13(a). *See Park Club*, 967 F.2d at 1058 (claims are compulsory counterclaims when "[b]oth regard the same instruments and transactions, and a jury would hear substantially the same facts in regard to both."); *see also Songcharoen v. Plastic & Hand Surgery Assocs., P.L.L.C.*, 561 F. App'x 327, 341 (5th Cir. 2014) (per curiam) (unpublished) (holding a logical relationship existed where claims arose out of the same agreement).

Next, RPV repeats its argument that it was not a party to *Netsphere I*. Instead, the Netsphere Parties included the Village Trust as a defendant in their *Netsphere I* amended complaint. Under Texas law, "suits against a trust must be brought against its legal representative, the trustee, and not against the trust itself as a separate legal entity." *In re Bradley*, 501 F.3d 421, 433 (5th Cir. 2007) (citation omitted). But where the trustee makes an appearance on behalf of the trust and does not object to the capacity in which the trust is sued, it waives its objection. *See Ray Malooly Tr. v. Juhl*, 186 S.W.3d 568, 571 (Tex. 2006) ("By failing to raise a timely objection to capacity, [the trustee] waived any objection that judgment had to be rendered against the Trust rather than himself as trustee."). A review of the record for *Netsphere I* confirms the district court's finding that RPV made several appearances in its capacity as trustee for the Village Trust, thereby waiving any argument that it was not on notice as to the claims against the trust.[2] RPV's assertion that these appearances occurred during proceedings unrelated to the *Netsphere I* litigation is erroneous.

RPV also contends that it was not required to file compulsory counterclaims in *Netsphere I* because that case was administratively closed

---

[2] *See* ECF No. 1411 (objection filed by RPV as trustee of the Village Trust); ECF No. 1418 (supplemental document filed by RPV as trustee of the Village Trust); ECF No. 1451 (notice of appeal from RPV as trustee of the Village Trust).

before it was required to file an answer. However, the district court held that this argument was waived because it was not raised until after summary judgment had been rendered and was only raised in RPV's motion for reconsideration. A review of the record confirms that RPV did not raise this argument prior to its motion for reconsideration, so we consider it waived on appeal. *See Lincoln Gen. Ins. Co. v. De La Luz Garcia*, 501 F.3d 436, 442 (5th Cir. 2007) ("[G]enerally speaking, we will not consider an issue raised [in the district court] for the first time in a Motion for Reconsideration.").

## IV.

The district court's judgment is AFFIRMED.