### In re KAISER GROUP INTERNATIONAL, INC., Debtor.

### International Finance Corporation, Appellant,

v.

### Kaiser Group International Inc., et al., Appellees.

### Bankruptcy No. 00–2263–MFW. CIV.A. No. 03–038–JJF.

United States District Court, D. Delaware.

Sept. 30, 2003.

Robert J. Stearn, Jr, Esquire of Richards, Layton & Finger, P.A., Wilmington. Of Counsel: Warren E. Zirkle, Esquire; J.L. Novak, Esquire of McGuirewoods LLP, McLean, Virginia, for Appellant, International Finance Corporation.

Mark Minuti, Esquire of Saul Ewing LLP, Wilmington, Delaware. Of Counsel: George E. Rahn, Jr., Esquire, John E. Bisordi, Esquire of Saul Ewing LLP, Philadelphia, PA, for Appellees/Debtors, Kaiser Group International, Inc., et al.

## MEMORANDUM OPINION

FARNAN, District Judge.

Presently before the Court is an appeal by Appellant, International Finance Corporation ("IFC") from the December 9, 2002 Order (the "Order") of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") denying Appellant International Finance Corporation's Motion To Dismiss For Lack Of Subject Matter Jurisdiction Based On Immunity. For the reasons set forth below, the Court will affirm that portion of the Bankruptcy Court's December 9, 2002 Order concluding that IFC waived its immunity under Section 106(b) of the Bankruptcy Code by filing a proof of claim because it is a "governmental unit." The Court will order supplemental briefing on the issue of whether the Debtors' claims are outside the scope of IFC's waiver of immunity and reserve judgment on this issue until the supplemental briefing is completed.

### I. The Parties' Contentions

IFC is an international organization established by Articles of Agreement among its member countries, including the United States, the Czech Republic and others. According to its charter, IFC's mission is to "further economic development by encouraging the growth of productive private enterprise in member countries, particularly in less developed areas ..." (D.I.11, Ex. A, art. 1). The Debtors' subsidiary Kaiser Netherlands, B.V. ("Kaiser Netherlands"), who is not a debtor in this action or a party to the bankruptcy or underlying adversary proceeding, entered into a contract with Nova Hut, a steel manufacturer, to construct a steel mill in the Czech Republic. At the time that Kaiser Netherlands and Nova Hut executed Phase 1 of the contract, the Debtor Kaiser International executed a "Guaranty of the Performance of Kaiser Netherlands B.V." guaranteeing the performance of Kaiser Netherlands under Phase 1. Phase 1 also required Kaiser Netherlands to submit a performance letter of credit in the amount of $11.1 million. The bank that issued the letter of credit, First Union Bank, required Kaiser Netherlands to post collater-

al as security. To meet this requirement, Debtor Kaiser International deposited $11.1 million in cash with First Union.

After entering into the contract with Kaiser Netherlands, Nova Hut assigned its rights and title to the steel mill to IFC as security for a loan from IFC. This appeal arises out of litigation stemming from alleged breaches of the underlying contract for the construction of the steel mill, as well as allegedly improper draws on the letter of credit by Nova Hut with the alleged consent and cooperation of IFC.

By its appeal, IFC raises two issues. First, IFC contends that the Bankruptcy Court erred in holding that IFC's contingent proof of claim constituted an express waiver of its immunity from suit. Second, IFC contends that the Bankruptcy Court erred in failing to conclude that the Debtors' counterclaims are beyond the scope of any such waiver.

IFC contends that the Bankruptcy Court should have granted its Motion To Dismiss, because IFC is immune from suit under the International Organizations Immunity Act (the "IOIA"). IFC contends that its immunity cannot be waived under Section 106(b) of the Bankruptcy Code because: (1) it is not a governmental unit or an instrumentality of any of its member states; (2) it does not enjoy "sovereign immunity" because it is not a sovereign and its immunity is an "international immunity;" and (3) even if it is a governmental unit subject to sovereign immunity, its proof of claim did not expressly waive immunity, because the proof of claim asserted IFC's immunity on its face.

In the alternative, IFC contends that even if can be said to have waived its sovereign immunity, the Bankruptcy Court erred in failing to conclude that the Debtors' claims are beyond the scope of such a waiver. Specifically, IFC contends that the Bankruptcy Court should have concluded that the Debtors' counterclaims are not property of the estate and do not arise from the same transaction or occurrence as IFC's proof of claim, and therefore, they are not within the scope of a waiver of sovereign immunity under Section 106(b) of the Bankruptcy Code.

In response, the Debtors contend that IFC has waived a number of its arguments because it failed to raise those issues before the Bankruptcy Court, including its argument that it is a distinct legal entity and not an instrumentality of its members and its argument that it does not enjoy sovereign immunity. In addition, the Debtors contend that the Bankruptcy Court correctly concluded that IFC is a governmental unit within the meaning of Section 106(b) and the filing of its proof of claim constituted a waiver of immunity despite any express language reserving immunity of the face of the claim.

As for IFC's alternative argument, the Debtors contend that IFC waived its argument concerning the property of the estate and same transaction requirements of Section 106(b), because it did not raise those issues before the Bankruptcy Court. The Debtors also contend that even if those arguments are not waived, the Debtors' claims arise out of the same transaction as the claims stated in IFC's proof of claim and are property of the estate.

**II. Standard Of Review**

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.,* 197 F.3d 76, 80 (3d Cir.1999). With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of

"historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635, 642 (3d Cir.1991) (citing *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101–02 (3d Cir.1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a *de novo* basis in the first instance. *In re Telegroup*, 281 F.3d 133, 136 (3d Cir.2002).

### III. Discussion

A. *Whether The Bankruptcy Court Erred In Concluding That IFC Is A Governmental Unit For Purposes Of Immunity Under Section 106(b) of the Bankruptcy Code*

 Reviewing the decision of the Bankruptcy Court under a plenary standard of review, the Court concludes that the Bankruptcy Court correctly concluded that IFC is a governmental unit under Section 106(b) of the Bankruptcy Code. In pertinent part, Section 106(b) provides:

[a] governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.

11 U.S.C. § 106(b). The Bankruptcy Code further defines "governmental unit" as "the United States"; State; Commonwealth, District, Territory, municipality; foreign state; department; agency; or instrumentality of the United States, a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state, or other foreign or domestic government. 11

U.S.C. § 101(27). The Bankruptcy Court concluded that IFC was a "governmental unit" based on legislative history requiring the phrase "governmental unit" to be interpreted broadly and based on an analogy to *In re Trusko*, 212 B.R. 819 (Bankr. D.Md.1997), a case in which the court concluded that federal credit units fell within the definition of "governmental units." In this regard, the Bankruptcy Court stated:

With respect to the question of whether or not they are an instrumentality of a governmental unit, I am instructed by the legislative history that Section 106 is meant to be interpreted broadly, specifically with respect to what an instrumentality is, what a governmental unit is. And like *Trusco[Trusko]*, I am persuaded that simply because an entity has a commercial purpose, what is typically a commercial purpose does not in and of itself eliminate the possibility that it is performing a governmental function.

And I think from my understanding of the World Bank and IFC's function in the world economy, that it is easily perceived to be, certainly by its members states, to be fulfilling their governmental function, one of which is to encourage economic development in under-developed countries which many of the developed countries feel will eliminate world conflict.

(Ex. V at 49–50). The Court is persuaded by the reasoning of the Bankruptcy Court and agrees with its analysis of this issue. The Court is also not persuaded by IFC's argument that it cannot be an "instrumentality" of a government, because it is a separate legal entity. *See* 28 U.S.C. § 1603(b) (recognizing that governmental instrumentalities are separate legal entities). Further, the Court is not persuaded that the immunity enjoyed by IFC is substantially different from "sovereign immunity" for the purposes of Section 106(b).

IFC's immunity flows from the IOIA which states that "[i]nternational organizations ... shall enjoy the same immunity from suit and every form of judicial process as is enjoyed by foreign governments, except to the extent that such organizations may expressly waive their immunity for the purposes of any proceeding or by the terms of any contract." 22 U.S.C. § 288a(b). Because foreign governments enjoy sovereign immunity, the Court concludes that IFC also enjoys sovereign immunity for purposes of Section 106(b). *See e.g. Bro Tech v. European Bank for Reconstruction and Dev.,* 2000 WL 1751094, *3 (E.D.Pa. Nov.29, 2000); *Atkinson v. Inter–American Dev.,* 156 F.3d 1335 (D.C.Cir.1998).

B. *Whether The Bankruptcy Court Correctly Concluded That IFC Waived Its Immunity By Filing A Proof Of Claim*

■ As for the Bankruptcy Court's conclusion that IFC waived its immunity by filing a proof of claim, the Court likewise concludes that the Bankruptcy Court's conclusion and analysis was correct. As the Bankruptcy Court stated:

I think that the filing of the proof of claim was the express waiver of sovereign immunity, and as I said in argument, I don't think that in the face of Section 106, inclusion of language that seeks to eliminate the effect of Section 106 can do the trick, and the affirmative act of filing a proof of claim is an express waiver of sovereign immunity.

(D.I. 11, Ex. V at 49–50).

■ The filing of a proof of claim in bankruptcy generally constitutes a waiver of sovereign immunity. *See In re White,* 139 F.3d 1268, 1271 (9th Cir.1998). In the Court's view, to allow a disclaimer to save the waiver of immunity would contradict the intent of Section 106(b) and unfairly permit a governmental unit to litigate a proof of claim to judgment without ever

waiving its immunity. *See In re Davis,* 282 B.R. 674, 686 & n. 5 (D.Ariz.2002). IFC interjected itself into the Debtor's bankruptcy case by filing its proof of claim and continued to litigate in the Debtor's bankruptcy case by filing an Objection to the Debtors' Amended Plan of Reorganization and a Response to Objections to Proof of Claim, both of which did not contain any language claiming immunity. Therefore, the Court concludes that the Bankruptcy Court correctly concluded that IFC waived its immunity by filing its proof of claim and participating in the Debtor's bankruptcy.

C. *Whether The Bankruptcy Court Erred In Failing To Conclude That The Debtors' Claims Were Beyond The Scope Of Any Waiver Of Immunity By IFC*

In the alternative, IFC contends that the Bankruptcy Court erred in failing to conclude that the Debtors' claims are beyond the scope of any waiver of immunity by IFC. Specifically, IFC contends that the Debtors' claims are not property of the estate because they are either (1) claims of the non-debtor subsidiary Kaiser Netherlands, or (2) claims of the Debtor Kaiser International which are based on funds that were allegedly improperly draw under a letter of credit and such claims are not considered "property of the estate." IFC also contends that the Debtors claims do not arise out of the same transaction or occurrence as required by Section 106(b) of the Bankruptcy Code.

The Debtors contend that this issue was not brought before the Bankruptcy Court and it involves factual issues which are not appropriate for resolution on appeal. In the alternative, the Debtors contend that Debtor Kaiser International has suffered $11.1 million damages based upon IFC's improper conduct related to the draw on

the letter of credit, as well as $510,000 for unjust enrichment as a result of a benefit that IFC received from the Debtor Kaiser Engineers.

By separate Order, the Court has requested supplemental briefing on these issues. Accordingly, the Court will reserve decision on whether the Debtors' claims fall within the scope of IFC's waiver of immunity.

## CONCLUSION

For the reasons discussed, the Court will affirm that portion of the Bankruptcy Court's Order concluding that IFC waived its sovereign immunity by filing a proof of claim under Section 106(b) of the Bankruptcy Code, because it is a "governmental unit." The Court will order supplemental briefing on the compulsory counterclaim requirements of Section 106(b) and will reserve judgment on this issue until the supplemental briefing is completed.

An appropriate Order will be entered.

## *ORDER*

At Wilmington, this 30th day of September 2003, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. The portion of the Bankruptcy Court's Order dated December 9, 2002 concluding that Appellant, International Finance Corporation waived its sovereign immunity by filing a proof of claim under Section 106(b) of the Bankruptcy Code, because it is a "governmental unit" is AFFIRMED.

2. The Court will order supplemental briefing on the compulsory counterclaim requirements of Section 106(b) and will reserve judgment on this issue until the supplemental briefing is completed.