996 F.2d 1478
 ZWITSERSE MAATSCHAPPIJ VAN LEVENSVERZEKERING EN LIJFRENTE;
N.V. Pensioen ESC,
Respondents-Counter-Petitioners-Appellants,
v.
ABN INTERNATIONAL CAPITAL MARKETS CORPORATION, also known as
ABN AMRO Securities (USA), Inc.,
Petitioner-Counter-Respondent-Appellee.
 No. 1713, Docket 93-7206.
 United States Court of Appeals,
Second Circuit.
 Argued June 16, 1993.
Decided June 30, 1993.
 
 Robert E. DeRight, Jr., New York City (Epstein Becker & Green, P.C., New York City, of counsel), for appellants.
 Frederick P. Schaffer, New York City (John F. Kowal, J. Lucian Manetta, Schulte Roth & Zabel, New York City, of counsel), for appellee.
 Before: CARDAMONE and MAHONEY, Circuit Judges, and PARKER, District Judge.*
 PER CURIAM:
 
 
 1
 Zwitserse Maatschappij van Levensverzekering en Lijfrente (ZwitserLeven) and N.V. Pensioen ESC (ESC) (collectively ZwitserLeven or appellants) appeal from an order entered on February 16, 1993 in the United States District Court for the Southern District of New York (Conboy, J.) granting ABN International Capital Markets Corporation's (ABN CMC) petition to stay arbitration, and denying ZwitserLeven's motion to compel it.
 
 
 2
 ABN CMC's motion to stay arbitration was granted upon the district court's finding that by commencing a preliminary witness hearing in Amsterdam prior to initiating arbitration in New York ZwitserLeven had waived its right to arbitration. The trial court found that ABN CMC was prejudiced by its participation in the Netherlands' discovery-type process since an equivalent procedure would not be available in arbitration in the United States.
 
 
 3
 Appellants contend that the district court erred in treating the Netherlands' preliminary witness proceeding as substantially equivalent to an American-style discovery. Although federal law generally favors arbitration, see Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983), it is also true that in certain circumstances a party initiating judicial proceedings may waive its right to arbitration. See Sweater Bee By Banff, Ltd. v. Manhattan Indus., 754 F.2d 457, 461 (2d Cir.), cert. denied, 474 U.S. 819, 106 S.Ct. 68, 88 L.Ed.2d 55 (1985). That may occur when a party has unfairly used litigation prior to commencing arbitration in a way that might prejudice the opposing party. See Rush v. Oppenheimer & Co., 779 F.2d 885, 887 (2d Cir.1985). The Rush principle, which concerned American litigation, extends to analogous and functionally similar processes in non-U.S. courts.
 
 
 4
 The Netherlands proceeding at the center of this case commenced after ZwitserLeven submitted a Request for a Preliminary Witness Hearing in an Amsterdam court on March 19, 1991. That request stated that ZwitserLeven and ESC, a pension fund it manages, "intend to file legal proceedings" against ABN CMC and its parent, ABN, based on incorrect and misleading information which they supposedly furnished to appellants in connection with the purchases of several bond issues. The court in Holland granted the request on March 28, and the preliminary witness hearing took place between June 21 and December 20, 1991.
 
 
 5
 At the hearing ZwitserLeven called six witnesses who responded to questions and provided sworn testimony before an examining judge. Two of the witnesses were ABN CMC employees, two were ZwitserLeven employees, and two were ABN employees. In the end, ZwitserLeven never commenced a lawsuit against ABN CMC in the Netherlands. Instead, it served a demand on ABN CMC in May 1992 for arbitration before the National Association of Securities Dealers (NASD).
 
 
 6
 Sworn affidavits in the record reveal that a preliminary witness hearing under Netherlands law generally occurs before the filing of a complaint. A preliminary witness hearing represents a separate legal proceeding for the purpose of hearing witnesses and preserving testimony. Under this foreign country's code of civil procedure, a hearing may be used independently of either legal action or arbitration. Despite this, the Netherlands' preliminary witness hearing resembles discovery in American-style proceedings. Cf. Fed.R.Civ.P. 27 (providing rules governing when depositions may be ordered before formal action instituted). The record before us particularly demonstrates that the judge presiding over a preliminary witness hearing may compel the testimony of witnesses, including those who may reside abroad, at the request of a party.
 
 
 7
 Further, ZwitserLeven admitted that its main purpose in instigating the preliminary witness hearing was "to preserve the testimony of witness[es] whose attendance at arbitration hearings in New York could not be compelled [and to provide the] arbitration tribunal with information which ABN and ABN CMC might otherwise elect to withhold." This purpose was not made clear to ABN CMC prior to the preliminary hearing when they were misleadingly informed that it intended to file a lawsuit. This presents precisely the type of prejudice our cases have sought to avoid. The hearing permitted ZwitserLeven to unfairly profit from the benefits of discovery that it most likely would not otherwise have been entitled to in arbitration. See, e.g., Liggett & Myers, Inc. v. Bloomfield, 380 F.Supp. 1044, 1047 (S.D.N.Y.1974). The differences between the American and the Netherlands judicial systems will not permit ZwitserLeven to circumvent the rules preventing a party from selectively taking advantage of judicial proceedings in another forum in order to gain an advantage in arbitration.
 
 
 8
 With respect to ABN CMC's claimed waiver of arbitration, we note that our case law determines the possible waiver of arbitration by examining whether a party has suffered prejudice from its opponent's resort to judicial process, rather than relying merely on the stage the litigation has reached. See Rush v. Oppenheimer & Co., 779 F.2d at 887-88. Appellants insist that ABN CMC did not show sufficient prejudice from its participation in the preliminary witness proceedings conducted in Holland to require a stay of arbitration. The standard we apply in determining whether arbitration has been waived requires that a party suffer actual prejudice from the earlier pursuit of legal proceedings. See id. at 887. While few cases have addressed what constitutes sufficient prejudice, in Carcich v. Rederi A/B Nordie, 389 F.2d 692, 696 n. 7 (2d Cir.1968), we observed "[s]ufficient prejudice to infer waiver might be found ... if the party ... took advantage of judicial discovery procedures not available in arbitration." Here, ABN CMC suffered prejudice because the deposition-type discovery obtained in the Netherlands would not have been available in NASD arbitration.
 
 
 9
 ZwitserLeven mistakenly relies on the fact that ABN CMC's participation in the preliminary witness hearing was voluntary. As ABN CMC has pointed out, it did not contest the Netherlands hearing because it realized it had no valid objection to the proceeding and its witnesses' participation could be compelled. Even if witnesses could be compelled before NASD arbitration under NASD arbitration rules, ordering depositions is unusual in arbitral proceedings, particularly so far in advance of any hearing on the merits. Thus, this is one of those "rare cases" where the strong policy favoring arbitration has been outweighed.
 
 
 10
 As a consequence, we affirm substantially for the reasons stated by Judge Conboy in his thoughtful opinion of February 4, 1993. See In re ABN Int'l Capital Markets Corp., 812 F.Supp. 418 (S.D.N.Y.1993).
 
 
 11
 Order affirmed.
 
 
 
 *
 Honorable Fred I. Parker, Chief Judge, United States District Court for the District of Vermont, sitting by designation