**In re Sally Dawn KNAPP, Debtor.**

No. C02–5574 (RJB) RBL.
Bankruptcy Appeal No. 02–006.
Bankruptcy No. 02–43078.

United States District Court,
W.D. Washington,
at Tacoma.

April 11, 2003.

Carl W. Hankla, Ben Franklin Station, Washington, DC, for appellant.

Terrence Joseph Donahue, Jennifer A. Wing, Eisenhower & Carlson, Joyce E. Robson, Tacoma, WA, for appellee.

Dennis M. Wallace, Tacoma, WA, for debtor.

## ORDER REVERSING BANKRUPTCY COURT'S ORDER REQUIRING IRS TO SEND DEBTOR'S TAX REFUNDS TO TRUSTEE

LEIGHTON, District Judge.

■ Appellant, the United States, seeks review of an order by the United States Bankruptcy Court for the Western District of Washington requiring the IRS to send tax refunds to the trustee. In reviewing a decision of the bankruptcy court, the district court reviews findings of fact for clear error and conclusions of law *de novo*. *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir.1990).

### BACKGROUND

In March 2002, Sally Dawn Knapp filed a voluntary petition and proposed plan under Chapter 13 of the United States Bankruptcy Code. The plan provided that Ms. Knapp commit "all tax refunds to funding the Plan." The trustee filed a motion for an order directing the IRS to send future tax refunds to the trustee rather than to Ms. Knapp. The United States objected. A hearing on the matter was held on September 5, 2002.

The United States argued that the motion should be denied because the trustee failed to show that refunds are "projected disposable net income," the Assignment of Claims Act prohibits the IRS from remitting the funds to the trustee, and requiring the IRS to remit the funds to the trustee would impose an unfair administrative burden on the IRS. The bankruptcy court

found that tax refunds constitute projected disposable income and that ordering the IRS to remit tax refunds directly to the trustee was not barred by the Assignment of Claims Act. The bankruptcy court also found that, although the IRS's argument regarding administrative burden was persuasive, the trustee's motion should be granted. An order granting the trustee's motion was entered on October 31, 2002. The United States filed its notice of appeal on November 1, 2002.

### DISCUSSION

The questions raised by the United States on appeal relate to three primary issues: sovereign immunity, the meaning of income within 11 U.S.C. § 1325(c), and administrative burden. The Court first addresses sovereign immunity which was raised for the first time in this appeal.

■ Absent an unequivocally expressed waiver, sovereign immunity is a jurisdictional bar to suit against the United States. *Russell v. United States Dep't of the Army*, 191 F.3d 1016, 1019 (9th Cir.1999). Respondent argues that sovereign immunity does not apply in this case because the bankruptcy court's action against the government is not a "suit," but rather an administration of Ms. Knapp's Chapter 13 plan. The Court disagrees.

■ A suit is against the United States "if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration," *Land v. Dollar*, 330 U.S. 731, 738, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947), or if the effect of the judgment would be "to restrain the government from acting, or to compel it to act." *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 704, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). Under the

IRS's automated system, refund checks are normally sent to the debtor. In order to comply with the bankruptcy court's order, the IRS would have to override the existing system and manually process the refund. This process would "require a significant expenditure of resources" which would eliminate the advantages of the investment in the newly automated program. *See* Declaration of IRS manager, Karen I. Camp. The Court finds that the bankruptcy court's order falls within the meaning of suit as explained by the Supreme Court. The order compels the IRS to act and would interfere with public administration.

Respondent also argues that sovereign immunity has been waived through legislative action. For its part, the United States contends that, under Bankruptcy Code § 106, sovereign immunity was not waived and the bankruptcy court lacked jurisdiction to issue an order pursuant to § 1325(c).

Bankruptcy Code § 106 provides:

(a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following:

(1) Sections 105, 106, 107, 108, 303, 346, 362, 363, 364, 365, 366, 502, 503, 505, 506, 510, 522, 523, 524, 525, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, 552, 553, 722, 724, 726, 728, 744, 749, 764, 901, 922, 926, 928, 929, 944, 1107, 1141, 1142, 1143, 1146, 1201, 1203, 1205, 1206, 1227, 1231, 1301, 1303, 1305, and 1327 of this title.

(2) The court may hear and determine any issue arising with respect to the application of such sections to governmental units.

(3) The court may issue against a governmental unit an order, process, or judgment under such sections or the Federal Rules of Bankruptcy Procedure, including an order or judgment awarding a money recovery, but not including an award of punitive damages. Such order or judgment for costs or fees under this title [11 USCS §§§§ 101 et seq.] or the Federal Rules of Bankruptcy Procedure against any governmental unit shall be consistent with the provisions and limitations of section 2412(d)(2)(A) of title 28.

(4) The enforcement of any such order, process, or judgment against any governmental unit shall be consistent with appropriate nonbankruptcy law applicable to such governmental unit and, in the case of a money judgment against the United States, shall be paid as if it is a judgment rendered by a district court of the United States.

(5) Nothing in this section shall create any substantive claim for relief or cause of action not otherwise existing under this title [11 USCS §§§§ 101 et seq.], the Federal Rules of Bankruptcy Procedure, or nonbankruptcy law.

(b) A governmental unit that has filed a proof of claim in the case is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose. (c) Notwithstanding any assertion of sovereign immunity by a governmental unit, there shall be offset against a claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

██ The Court finds that sovereign immunity has not been waived. Section 106 was amended in 1994 in order to clarify

the sections of title 11 to which sovereign immunity is abrogated. Several bankruptcy codes are specifically listed in § 106(a), however, § 1325 is not one of them.

■ Sovereign immunity also has not been waived under § 106(b) or § 106(c). Although the IRS filed a "proof of claim," the order under § 1325(c) requiring refunds to be sent to the trustee is not a "claim against [the United States] that is property of the estate." The order also does not arise out of the same transaction or occurrence as the government's claim for unpaid federal income tax.

■ Finally, the respondent argues that by remaining silent on the issue through the hearing process before the bankruptcy court, the United States has waived sovereign immunity. In support of this argument, respondent claims that the scope of the United States' immunity is limited under the Eleventh Amendment to "suits commenced or prosecuted against ... the United States." Respondent also relies on *Hill v. Blind Indus. and Servs. of Maryland,* 179 F.3d 754, 758 (9th Cir.1999), *amended by* 201 F.3d 1186 (9th Cir.2000), for the proposition that the government waives sovereign immunity when its actions are inconsistent with its intent to preserve its immunity and that an express waiver is not required.

The United States argues that the respondent's reliance · on the Eleventh Amendment and related case law is misplaced. The Eleventh Amendment does not define the scope of sovereign immunity of the United States, it provides that sovereign immunity is limited to "suits commenced or prosecuted against *one of* the United States," not *the* United States. The Court agrees. Respondent's argument relates to state sovereign immunity which differs from that of the United States. It is well established that under its sovereign immunity, the United States

is immune from suit absent an unequivocally expressed waiver. *Russell v. United States Dep't of the Army,* 191 F.3d 1016, 1019 (9th Cir.1999).

■ While it would have been preferable to raise the issue of sovereign immunity before the bankruptcy judge, failing to do so did not constitute a waiver. Sovereign immunity is not an affirmative defense that must be timely asserted or it is waived. Without the United States' consent to suit, the Court lacks subject matter jurisdiction. *See United States v. Mitchell,* 463 U.S. 206, 215, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Lack of subject matter jurisdiction can be raised at any time, even on appeal. *City of South Pasadena v. Mineta,* 284 F.3d 1154, 1156 (9th Cir. 2001). Absent an unequivocal waiver expressed by Congress, there is no waiver and sovereign immunity can be asserted by the United States even at this stage of the proceedings.

Because sovereign immunity has not been waived, the bankruptcy court lacked subject matter jurisdiction to issue an order pursuant to § 1325(c). Accordingly, the bankruptcy court should be reversed and the order vacated.

## CONCLUSION

For all of the foregoing reasons, the bankruptcy court's "Order Requiring IRS to Send Debtor's Tax Refunds to Trustee" is **REVERSED** and **VACATED**.