In re KAISER GROUP
INTERNATIONAL,
INC., Debtor.

International Finance Corporation,
Appellant,

v.

Kaiser Group International
Inc., et al., Appellees.

Bankruptcy No. 00–2263–MFW.
Civ.A. No. 03–038–JJF.

United States District Court,
D. Delaware.

Feb. 23, 2004.

Robert J. Stearn, Jr., Richards, Layton & Finger, P.A., Wilmington, DE, of counsel: Warren E. Zirkle; J.L. Novak, McGuirewoods LLP, McLean, VA, for Appellant, International Finance Corporation.

Mark Minuti, Tara L. Lattomus, Saul Ewing LLP, Wilmington, DE, of counsel: George E. Rahn, Jr., John E. Bisordi, Saul Ewing LLP, Philadelphia, PA, for Appel-

lees/Debtors, Kaiser Group International, Inc., et al.

## MEMORANDUM OPINION

FARNAN, District Judge.

Presently before the Court is an appeal by Appellant, International Finance Corporation ("IFC") from the December 9, 2002 Order (the "Order") of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") denying Appellant International Finance Corporation's Motion To Dismiss For Lack Of Subject Matter Jurisdiction Based On Immunity. By its previous Memorandum Opinion and Order, the Court affirmed that portion of the Bankruptcy Court's Order concluding that IFC waived its immunity under Section 106(b) of the Bankruptcy Code by filing a proof of claim because it is a "governmental unit." The Court ordered supplemental briefing on the issue of whether the Debtor's claims are outside the scope of IFC's waiver. Specifically, the Court ordered the parties to address more thoroughly the issues of (1) whether the Debtors' counterclaims are property of the Debtors' estate, and (2) whether the Debtors' counterclaims arise out of the same transaction or occurrence as IFC's Proof of Claim. For the reasons set forth below, the Court will reverse the Order of the Bankruptcy Court as it pertains to the issue of whether the Debtors' claims are within the scope of IFC's waiver of immunity under Section 106(b).

## I. The Parties' Contentions

The background relevant to this action is set forth fully in the Court's previous Memorandum Opinion. *In re Kaiser Group Int'l, Inc.*, 302 B.R. 814 (D.Del. 2003). With respect to the remaining issues to be resolved in this appeal, IFC contends that the Debtors' claims fall outside the scope of any waiver of sovereign immunity by IFC. Specifically, IFC contends that the Debtors' claims are not property of the Debtors' estate. Rather, IFC maintains that the Debtors' claims are the claims of the non-debtor subsidiary Kaiser Netherlands, B.V. ("Kaiser Netherlands"). However, even if the Debtors' claims can be attributed to the Debtor Kaiser International, IFC contends that those claims are based on funds that were improperly drawn under a letter of credit and the proceeds of a letter of credit are not property of the Debtors' estate. In the alternative, IFC also contends that the Debtors' claims do not arise out of the same transaction or occurrence as IFC's Proof of Claim.

In response, the Debtors contend that this issue was not properly brought before the Bankruptcy Court and that it involves the resolution of factual issues. Thus, the Debtors contend, as a threshold matter, that this issue is not appropriate for resolution on appeal. In the alternative, the Debtors contend that their claims are property of the estate. The Debtors distinguish the cases relied upon by IFC in the context of its letter of credit argument on the grounds that the facts of those cases involved an attempt to prevent the distribution of the proceeds of a letter of credit. By contrast, the Debtors contend that they are not trying to prevent the distribution of the proceeds of a letter of credit. Rather, the Debtors contend that their claim is based on an alleged improper draw. Thus, the Debtors maintain that they are doing exactly what the courts state that letters of credits allow, namely litigating the matter after payment has been made.

With respect to IFC's alternative argument concerning whether the Debtors' counterclaims arise from the same transaction or occurrence as IFC's Proof of Claim, the Debtors contend that their claims have

a logical relationship to the claims asserted by IFC in the Proof of Claim. According to the Debtors, both the Proof of Claim and the Third Amended Complaint refer to the letter of credit, Kaiser International's guaranty, the passage of the four week production performance test, and most importantly, the construction and negotiation of the mini-mill project. Thus, the Debtors' contend that their claims stem from the same transaction or occurrence as IFC's Proof of Claim, and therefore, their claims fall within the scope of IFC's waiver of immunity.

## II. Discussion

A. *Whether IFC Is Precluded From Raising Its Arguments Regarding The Scope Of The Waiver Based On The Alleged Failure To Raise These Issues Before The Bankruptcy Court*

■ In their Answering Brief (D.I.8) in response to IFC's Opening Brief on Appeal, the Debtors contend that IFC's arguments that the Debtors' claims are not property of the estate and do not arise from the same transaction or occurrence were not raised before the Bankruptcy Court. The Bankruptcy Court did not make any explicit findings with regard to these issues, and therefore, the Debtors contend that this Court cannot consider these arguments on appeal.

■ After reviewing the record and the applicable case law, the Court concludes that the issues raised by IFC are properly before the Court. Although IFC did not expressly address the property of the estate and same transaction or occurrence arguments in the Bankruptcy Court, IFC

did touch on the broader issue which encompasses those arguments of whether the Debtors' claims fell within the scope of any waiver by IFC. (Appendix, Ex. V. at 30:18–25, 31:1–5). Further, as IFC points out, it was the Debtors' burden to establish the applicability of Section 106(b) of the Bankruptcy Code, and this burden includes a showing that the Debtors' claims are property of the estate and arise from the same transaction or occurrence as the Proof of Claim. *See In re Price,* 42 F.3d 1068, 1072 (7th Cir.1994) (citations omitted); *In re Pinkstaff,* 974 F.2d 113 (9th Cir.1992).

■ In addition, the Court further concludes that these issues are relevant to the issue of subject matter jurisdiction.[1] A lack of subject matter jurisdiction may be raised at any time, including for the first time on appeal. *See e.g. In re McCloy,* 296 F.3d 370, 373 (5th Cir.2002); *Preblich v. Battley,* 181 F.3d 1048 (9th Cir.1999); *In re Knapp,* 294 B.R. at 338; *In re General Carriers Corp.,* 258 B.R. 181 (9th Cir. BAP 2001). Therefore, even if IFC can be said to have failed to raise these arguments before the Bankruptcy Court, the Court concludes that they are properly raised here, and therefore, the Court is not precluded from considering IFC's arguments.

B. *Whether The Debtors' Claims Are Beyond The Scope Of IFC's Waiver Of Sovereign Immunity Under Section 106(b) Of The Bankruptcy Code*

■ In pertinent part, Section 106(b) of the Bankruptcy Code provides:

A governmental unit that has filed a proof of claim in the case is deemed to

---

1. *See e.g. In re Knapp,* 294 B.R. 334, 336–338 (W.D.Wash.2003) (recognizing in context of Chapter 13 case that court lacks subject matter jurisdiction against United States when sovereign immunity has not been waived un-

der Section 106(b)); *In re Integrated Health Services, Inc.,* 303 B.R. 577 (Bankr.D.Del. 2003) (discussing waiver of sovereign immunity under Section 106(b) as a prerequisite to jurisdiction over claim against United States).

have waived sovereign immunity with respect to a claim against such governmental unit that is the *property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental unit arose.*

11 U.S.C. 106(b) (emphasis added). Thus, to establish that a governmental unit like IFC waived its sovereign immunity with respect to the claims asserted against it, the Debtors must establish that the claims they assert against IFC are (1) property of the Debtors' estate and (2) arose out of the same transaction or occurrence as the Proof of Claim filed by IFC.

■ As the Court understands it, the operative document governing this inquiry is the Debtors' Third Amended Complaint. Reviewing the Third Amended Complaint in light of the applicable law, the Court concludes that the Debtors have not established that their claims are all property of the Debtors' estate or that they arise out of the same transaction or occurrence as IFC's Proof of Claim. With respect to their claims related to the letter of credit, the Court concludes that those claims are not property of the Debtors' estate, because they are the claims of the non-debtor Kaiser Netherlands. It is well-established that neither a letter of credit nor its proceeds are property of the debtor's estate, even where the letter of credit is secured by the debtor's property. *In re Hechinger Investment Co. of Delaware, Inc.*, 282 B.R. 149, 161 (D.Del.2002); *In re Sabratek Corp.*, 257 B.R. 732, 735 (Bankr. D.Del.2000). The Debtors attempt to distinguish *Hechinger* and *Sabratek* from the circumstances in this case by arguing that those cases involved an attempt to enjoin a distribution. However, the Court is not persuaded by the Debtors' argument. As the court explained in *In re Graham Square, Inc.*, a debtor's recourse to an improper draw on a letter of credit is limited to the underlying contract. 126 F.3d 823, 827 (6th Cir.1997) ("Challenging the distribution of the proceeds of a letter of credit is different than challenging the underlying contract. The ultimate result may be the same (refund the fee), but in one case the method of recovery is permitted and in the other it is barred."). Insofar as the underlying construction contract is concerned, the Debtors have acknowledged repeatedly in the Bankruptcy Court that they are not a party to that contract. Only Kaiser Netherlands is a party to the construction contract. Accordingly, the Debtors' claims premised on the improper draw on the letter of credit and the underlying construction contract are not property of the Debtors' estate and therefore, not within the scope of IFC's waiver of immunity.

However, as the Bankruptcy Court recognized in its proceedings related to the Second Amended Complaint, the Debtors do advance other claims which are not based solely on the construction contract or the letters of credit. As stated in the Third Amended Complaint, these claims are based on quantum meruit, unjust enrichment and tortious interference with contract and are also claims advanced by the Debtor, Kaiser Engineers, Inc. Although these claims may properly be considered property of the Debtor's estate, the Court concludes that they are also not within the scope of IFC's waiver of sovereign immunity. First, with respect to the claims advanced by the Debtor Kaiser Engineers, Inc., the Court is not persuaded that these claims are counterclaims. IFC's Proof of Claim is based on contracts with entities other than Kaiser Engineers, Inc., and IFC did not advance a substantive claim against Kaiser Engineers, Inc. *Cf. Morris, Wheeler & Co. v. Rust Engr. Co.*, 4 F.R.D. 307 (D.Del.1945) (holding that a third-party defendant may not as-

sert a counterclaim against the original plaintiff under Rule 13 where the original plaintiff has asserted no claim against the third-party defendant).

 Second, even if the Debtors' claims are property of the estate, the Court concludes that the Debtors' claims do not fall within the scope of IFC's waiver of sovereign immunity, because the claims do not satisfy the "same transaction or occurrence" requirement of Section 106(b). To determine if the same transaction or occurrence requirement is met, courts turn to the same test that is used for determining whether a claim is a compulsory counterclaim under Rule 13(a) of the Federal Rules of Civil Procedure. 1 *Norton Bankr.L & Prac.2d* § 14:9 (2000); *Tank Insulation Int'l v. Insultherm, Inc.*, 104 F.3d 83, 85–86 (5th Cir.1997). Federal Rule of Civil Procedure 13(a) provides:

> [a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Fed.R.Civ.P. 13(a). Although the "same transaction or occurrence test" should be applied liberally to include claims that are logically related to the original claims, counterclaims are only considered compulsory if they exist when the answer to the original claims comes due. 6 Wright, Miller & Kane, *Federal Practice and Procedure* 81 (2d ed.1990); 3 *Moore's Federal*

*Practice* § 13.13 at 13–33 (3d ed.2003). Even if a claim arises out of the same transaction or occurrence, it is not considered compulsory if it has matured after the defendant has answered the original claim. Such claims may be asserted in subsequent amended pleadings under Rule 13(e), but such claims are technically not compulsory counterclaims. *See e.g. Tommy Hilfiger Licensing, Inc. v. Bradlees, Inc.*, 2001 WL 1702151, *5 (S.D.N.Y. Jan. 11, 2002) (collecting cases); *Garcia v. Madison River Communications, L.L.C.*, 2002 WL 1798774, *2 (E.D.La. Aug.5, 2002); *Keller Medical Specialties Products v. Armstrong Medical Industries, Inc.*, 1992 WL 390733, *2–3 (N.D.Ill. Dec. 15, 1992).

Based on the allegations of the Third Amended Complaint, the Court concludes that the Debtors' claims do not satisfy the compulsory counterclaims test, because they arose after the Debtors filed their objection to IFC's Proof of Claim.[2] As alleged by the Debtors, the improper drawdown on the letter of credit did not occur until February 16, 2001, well-after the Debtors' filed their initial objection to IFC's Proof of Claim. Similarly, the Debtors' allegations demonstrate that their remaining claims did not mature until November 2000, shortly after the Debtors' filed their objection. Because the Debtors' claims are not alleged to have matured until after the filing of their response to IFC's Proof of Claim, the Debtors' claims are at most "permissive counterclaims," which are insufficient to satisfy the requirements of Section 106(b).

**2.** In reaching this conclusion, the Court notes that it has not specifically found any case law in the bankruptcy context discussing the "maturity" component of the same transaction or occurrence test. The Court is also mindful that application of this component requires the Court to analogize the objection to the Proof of Claim to the answer that is required in civil actions to a complaint. However, the application of this principle comports with the overriding policy that waivers of sovereign immunity should be narrowly construed, and therefore, the Court finds its application to be appropriate in these circumstances.

As discussed previously, the scope of the waiver issue was raised generally in the Bankruptcy Court, but the Bankruptcy Court did not render explicit findings and conclusions regarding the property of the estate and same transaction or occurrence requirements. Accordingly, to the extent that it can be implied from the Bankruptcy Court's Order that IFC's claims were within the scope of IFC's waiver of sovereign immunity, the Court will reverse the Order of the Bankruptcy Court and dismiss the Debtors' Third Amended Complaint with prejudice.

### III. Conclusion

For the reasons discussed, the Court will reverse the Order of the Bankruptcy Court to the extent it concluded that the Debtors' claims were within the scope of the waiver of sovereign immunity by IFC. In addition, the Court will dismiss the Debtors' Third Amended Complaint with prejudice.

An appropriate Order will be entered.

### *FINAL ORDER*

At Wilmington, this 23rd day of February 2004, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. The December 9, 2002 Order of the United States Bankruptcy Court for the District of Delaware denying Appellant International Finance Corporation's Motion To Dismiss For Lack Of Subject Matter Jurisdiction Based On Immunity is REVERSED to the extent that it implied that the Debtors' claims were within IFC's waiver of sovereign immunity.

2. The Debtors' Third Amended Complaint is dismissed with prejudice.