In re KAISER GROUP INTERNA-
TIONAL, INC., et al., Debtors.

Nova Hut a.s., Appellant,

v.

Kaiser Group International
Inc., et al., Appellees.

Nova Hut a.s., Appellant,

v.

Kaiser Group International
Inc., et al., Appellees.

Bankruptcy Nos. 00–2263–MFW
through 00–2301–MFW.
Adversary No. 01–928–MFW.
Civ.A. Nos. 03–174–JJF, 03–175–JJF.

United States District Court,
D. Delaware.

March 18, 2004.

Scott D. Cousins, William E. Chipman, Jr., Greenberg Traurig, LLP, Wilmington, DE, Adam D. Cole, Greenberg Traurig, LLP, of counsel, New York, NY, for Appellant Nova Hut, a.s.

Mark Minuti, Saul Ewing LLP, Wilmington, DE, George E. Rahn, Jr., Saul Ewing LLP, of counsel, Philadelphia, PA, William J. Perlstein, Joseph E. Killory, Jr., Joseph R. Profaizer, Jerrod C. Patterson, Wilmer, Cutler & Pickering, Washington, D.C., for Appellees/Debtors, Kaiser Group International, Inc., et al.

## *MEMORANDUM OPINION*

FARNAN, District Judge.

Presently before the Court is an appeal by Appellant, Nova Hut a.s. ("Nova Hut") from the October 18, 2002 and January 6, 2003 Orders of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") denying Nova Hut's motions (1) to stay the proceedings pending arbitration under the Federal Arbitration Act ("FAA") and to compel arbitration under Section 206 of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards and (2) to dismiss the Third Amended Complaint filed by Debtors Kaiser Group International ("Kaiser International") and Kaiser Engineers, Inc. ("Kaiser Engineers") (collectively, "the Debtors"). For the reasons set forth below, the Court will reverse the Orders of the Bankruptcy Court denying Nova Hut's motions to stay and compel arbitration and remand this matter to the Bankruptcy Court for further proceedings consistent with this Memorandum Opinion. In addition, the Court will dismiss the appeal as it relates to the Bankruptcy Court's Orders denying Nova Hut's motion to dismiss the Debtors' Third Amended Complaint.

## I. BACKGROUND

### A. *The Parties' Contentions*

The Debtors' subsidiary Kaiser Netherlands, B.V. ("Kaiser Netherlands") and Nova Hut, a steel manufacturer, entered into two agreements known as the Phase 0 and Phase 1 Agreements for the design and construction of a steel mill at Nova Hut's facility in Ostrava, Czech Republic. At the time that Kaiser Netherlands and Nova Hut executed the contract, the Debtor Kaiser International executed a "Guaranty of the Performance of Kaiser Netherlands B.V." guaranteeing the performance of Kaiser Netherlands under the Phase 1 Agreement. The Phase 1 Agreement also required Kaiser Netherlands to submit a performance letter of credit in the amount of $11.1 million. The bank that issued the letter of credit, First Union Bank, required Kaiser Netherlands to post collateral as security. To meet this requirement, the Debtor Kaiser International deposited $11.1 million in cash with First Union. Nova Hut contends that Kaiser Netherlands failed to renew the letter of credit within thirty days of its expiration and failed to provide a mini-mill that met the contractual standards, and therefore, Nova Hut drew under the letter of credit. The Debtors contend that Nova Hut improperly drew on the letter of credit and filed an

adversary proceeding against Nova Hut. By their Third Amended Complaint, the Debtors seek damages in the amount of $11.1 million for the alleged improper draw and additional damages for Nova Hut's alleged failure to pay for engineering services, financial services and construction goods and services extended by Kaiser International and Kaiser Engineers to Nova Hut.[1]

By its appeal, Nova Hut raises two issues. First, Nova Hut contends that the Bankruptcy Court erred in denying Nova Hut's motions to stay the proceedings and compel arbitration. In the alternative, Nova Hut contends that the Bankruptcy Court erred in failing to dismiss the Third Amended Complaint.

With regard to the arbitration issue, Nova Hut contends that the Bankruptcy Court erred in concluding that Nova Hut waived arbitration by filing its proof of claim and taking action against Kaiser Netherlands in the courts of the Netherlands and the Czech Republic. Nova Hut also contends that even though the Debtors did not sign the Phase 0 and Phase 1 Agreements providing for arbitration, the Debtors should be required to arbitrate under traditional contract principles, including equitable estoppel and assumption of contractual duties.

With respect to the Third Amended Complaint, Nova Hut contends that the Bankruptcy Court should have dismissed the Third Amended Complaint for several reasons. First, Nova Hut contends that the quantum meruit and unjust enrichment claims are precluded by law, because the Debtors claims regarding the alleged improper draw on the letter of credit arise out of express contracts governing the parties' obligations. Second, Nova Hut contends that the Debtors' claims based on the letter of intent and memorandum of understanding should be dismissed, because they are claims belonging to the nondebtor, Kaiser Netherlands, and are therefore, subject to arbitration.

In response, the Debtors contend that the Bankruptcy Court correctly concluded that Nova Hut waived the right to compel arbitration. The Debtors contend that an abuse of discretion standard of review should apply to the Bankruptcy Court's factual findings that the Debtors are not estopped from denying that they should be compelled to arbitrate and that Nova Hut waived its right to compel arbitration by litigating against Kaiser Netherlands in the courts of Netherlands and the Czech Republic.

The Debtors further contend that they are not signatories to the Phase 0 and Phase 1 Agreements, and the terms of those agreements preclude the joinder of a non-signatory to any contemplated arbitration. Thus, the Debtors contend that they cannot be required to submit to arbitration. In addition, the Debtors contend that Nova Hut is equitably estopped from asserting that the Debtors are compelled to arbitrate based on arguments made by Nova Hut during the Bankruptcy proceedings. The Debtors also contend that the Bankruptcy Court correctly found that the Debtors did not assume the obligations of Kaiser Netherlands under the Phase 1 Agreement and are not third party benefi-

---

1. Additional background regarding the parties' transaction is set forth in the Court's decisions in a related appeal by the International Finance Corporation ("IFC"). *In re Kaiser Group, Int'l, Inc.*, C.A. No. 03–038–JJF, 308 B.R. 666, 2004 WL 757981 (D.Del. Feb. 23, 2004); *International Finance Corp. v. Kaiser Group Int'l, Inc.*, 302 B.R. 814 (D.Del. 2003). By its February 2004 Memorandum Opinion and Order, the Court dismissed the Third Amended Complaint with prejudice as it pertained to IFC on the grounds that sovereign immunity precluded the Debtors from proceeding against IFC.

ciaries of the Phase 0 or Phase 1 Agreements.

With respect to the Third Amended Complaint, the Debtors contend that the Court lacks pendent appellate jurisdiction to consider the Bankruptcy Court's order denying the motion to dismiss. In the alternative, the Debtors contend that their claims should not be dismissed as a substantive matter.

### B. *The Bankruptcy Court's Ruling*

At the close of the December 17, 2002 hearing, the Bankruptcy Court rendered its decision denying Nova Hut's motions to stay the proceedings and compel arbitration and dismiss the Third Amended Complaint. In pertinent part, the Bankruptcy Court stated:

... I'm going to deny the motion to compel arbitration and motion to dismiss for the following reasons:

I find that Nova Hut has waived any right to compel arbitration, even if that is applicable to Kaiser International. Because rather than invoking the arbitration as to the contract party, Kaiser Netherlands, it did not seek arbitration, but rather sought to use other means, whether I fully understand what the action was commenced by it in Netherlands or Czechoslovakia, it appears that at no time did Nova Hut seek to compel arbitration as to Kaiser Netherlands.

So, there is no related action pending and Nova Hut has waived any right to insist on going to arbitration.

Further, as I allow the debtor to, and as presumably the third amended complaint does, the action by the debtor is limited only to the debtors' independent claims. And I will not be hearing anything related to Kaiser Netherlands' claims against Nova Hut or Nova Hut's claims against Kaiser Netherlands.

It is significant also in my ruling that until now, Nova Hut has not sought to apply the arbitration clause as to these debtors. Instead, Nova Hut filed its proof of claim and' it was only after the debtor objected and filed this adversary action bringing counterclaims did Nova Hut insist on arbitration.

Again, I'm going to decide only the issues that I think are raised or I said could be raised by the third amended complaint, and that is the issues relating to the debtors' asserted independent claims against Nova Hut and IFC, well, Nova Hut, since I won't decide anything as to IFC today.

I also find it significant that the contract, the only document signed between the debtors and Nova Hut contain[s] no arbitration clause. I find [it] deafening by [its] silence on that point, but find that it does significantly evidence the parties' intent not to require that their disputes go to arbitration.

I think there is a contested issue as to whether the debtors' February, 2000, I think it is, letter, which asserts that, quote, "we will exercise our rights to arbitration under the Phase 1 agreement," whether that was taken only on behalf of the debtor or taken on behalf of the signatory to that contract, that is Kaiser Netherlands, its subsidiary. But for purposes of today, I'm going to find that it's insufficient to convince me that the debtor has consented to arbitration of the debtors' claims.

So, I will deny the motion.

(NHR Exh. 78 at 81–83).

## II. STANDARD OF REVIEW

 The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard

to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir.1999). With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635, 642 (3d Cir.1991) (citing *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 101–02 (3d Cir.1981)). The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a *de novo* basis in the first instance. *In re Telegroup*, 281 F.3d 133, 136 (3d Cir.2002).

■ With respect to orders denying a motion to stay or compel arbitration, appellate jurisdiction is based upon Section 16 of the FAA. 9 U.S.C. § 16. Such orders are considered immediately appealable. *E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S.*, 269 F.3d 187, 194 n. 3 (3d Cir.2001).

## III. DISCUSSION

A. *Whether The Bankruptcy Court Erred In Denying Nova Hut's Motions To Stay And Compel Arbitration*

■ As a threshold matter, the Court must determine the appropriate standard of review. The Debtors urge the Court to apply a clearly erroneous standard of review to the Bankruptcy Court's Orders denying Nova Hut's motion to compel arbitration. The appropriate standard of review for the legal conclusion of whether a non-signatory to an agreement containing an arbitration clause should be compelled to arbitrate is *de novo*. *E.I. DuPont*, 269 F.3d at 194; *Bel–Ray Co. v. Chemrite (Pty.) Ltd.*, 181 F.3d 435, 440 (3d Cir.1999). Similarly, legal conclusions concerning waiver of the right to arbitrate should also be reviewed *de novo*. *Wood v. Prudential Ins. Co. of America*, 207 F.3d 674, 680 (3d Cir.2000); *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 925 (3d Cir. 1992). However, as Nova Hut points out, factual findings of the Bankruptcy Court are reviewed under a clearly erroneous standard of review. Thus, to the extent that the parties have identified specific disputed factual findings forming the basis of the Bankruptcy Court's legal conclusions regarding arbitration, the Court will review those findings under a clearly erroneous standard of review.

To reverse the Bankruptcy Court's Orders denying Nova Hut's motions to stay and compel arbitration, Nova Hut must show that (1) the Debtors should be compelled to arbitrate even though they are nonsignatories to the arbitration agreement; and (2) Nova Hut did not waive its right to compel arbitration. The Court will address each of these issues in turn.

1. Whether the Bankruptcy Court erred in concluding that Nova Hut waived its right to compel arbitration

■ Applying a plenary standard of review to the Bankruptcy Court's conclusion that Nova Hut waived its right to compel arbitration, the Court concludes that the Bankruptcy Court's conclusion is erroneous. The Third Circuit has recognized that prejudice is "the touchstone for determining whether the right to arbitrate has been waived." *Hoxworth*, 980 F.2d at 925. The party seeking to avoid arbitration must demonstrate prejudice. *Wood*, 207 F.3d at 680.

In this case, the Bankruptcy Court concluded that Nova Hut waived arbitration because: (1) Nova Hut filed a proof of claim in the Debtors' bankruptcy action and only insisted on arbitration after the Debtor objected to the proof of claim and filed the instant adversary action; and (2) Nova Hut commenced an action against Kaiser Netherlands in the Netherlands and the Czech Republic instead of invoking its right to arbitrate. However, the Bankruptcy Court did not address whether the Debtors established prejudice as a result of the aforementioned conduct by Nova Hut.

▮▮▮ Prejudice can be established in a substantive manner, "such as when a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration," or prejudice can be established in a procedural manner "when a party too long postpones his invocation of his contractual right to arbitration, and thereby causes his adversary to incur unnecessary delay or expense." *Kramer v. Hammond*, 943 F.2d 176, 179 (2d Cir.1991). As the Third Circuit has recognized, a party typically waives arbitration based on litigation related conduct when the party "engage[s] in a lengthy course of litigation" including "extensive discovery." *Great Western Mortgage Corp. v. Peacock*, 110 F.3d 222, 233 (3d Cir.1997). Answering claims on the merits, asserting a cross-claim or participating in discovery, without more, is insufficient to show a waiver. Rather, the party seeking to establish waiver must show that the demand for arbitration came "long after the suit commenced and . . . both parties had engaged in extensive discovery." *Gavlik Constr. Co. v. H.F. Campbell Co.*, 526 F.2d 777, 783 (3d Cir.1975).

In this case, the undisputed facts indicate that although Nova Hut filed a proof of claim in this matter and did not seek arbitration until the Debtors filed this adversary proceeding, Nova Hut has not answered the Debtors' complaints on the merits and has not served or conducted any discovery. Indeed, Nova Hut pressed for arbitration, filing repeated motions each time that the Debtors filed an amended complaint. Further, the Debtors have not demonstrated that any delay in requesting arbitration by Nova Hut was unreasonably long or that they incurred any type of substantive prejudice as a result of Nova Hut's actions.

Similarly, with regard to its action against Kaiser Netherlands in the Czech Republic and the Netherlands, the Bankruptcy Court did not make any findings regarding any prejudice which the Debtors may have suffered as a result of Nova Hut's actions. The Debtors direct the Court to *MicroStrategy, Inc. v. Lauricia*, 268 F.3d 244, 249 (4th Cir.2001) and *Zwitserse Maatschappij Van Levensverzekering En Lijfrente v. ABN International Capital Markets Corp.*, 996 F.2d 1478, 1479 (2d Cir.1993) for the proposition that Nova Hut waived its right to insist upon arbitration as a result of its actions in the courts of the Netherlands and the Czech Republic. However, both of these cases require a showing of actual prejudice. In *ABN International*, the Court specifically found that ABN International Capital Markets Corporation suffered actual prejudice, because Zwitserse Maatschappij van Levensverzekering en Lifrente engaged in deposition type discovery of six witnesses, "resembl[ing] discovery in American-style proceedings," that would have been unavailable to it in an arbitration proceeding. 996 F.2d at 1480. As the Second Circuit recognized, the use of litigation by one side to "unfairly profit from the benefits of discovery that it most likely would not otherwise have been entitled to in arbitra-

tion" is "precisely the type of prejudice our cases have sought to avoid." *Id.*

Similarly, in *MicroStrategy*, the court observed that "even in cases where the party seeking arbitration has invoked the 'litigation machinery' to some degree, '[t]he dispositive question is whether the party objecting to arbitration has suffered *actual prejudice.*' " 268 F.3d at 249 (citations omitted) (emphasis in original). The court in *MicroStrategy* went on to analyze whether the facts demonstrated actual prejudice, and concluded that even though Microstrategy filed three actions against Lauricia before seeking arbitration, the delay was insufficient to rise to the level of actual prejudice. Further, the *MicroStrategy* court concluded that MicroStrategy engaged in extensive litigation, but that litigation did not involve the same legal and factual issues forming the basis of Lauricia's claims, and therefore, MicroStrategy could not be said to have waived its right to arbitrate.

In this case, Nova Hut did engage in some amount of litigation in foreign courts, but the Debtors have not demonstrated actual prejudice as a result of Nova Hut's conduct. Based on the record, it appears that these actions did not result in any discovery or any litigation advantage by Nova Hut, and Defendants have not demonstrated the contrary. Because the Debtors have failed to demonstrate the actual prejudice required to establish that Nova Hut waived its right to seek arbitration, the Court concludes that the Bankruptcy Court erred in concluding that Nova Hut waived its right to arbitrate.

2. Whether the Bankruptcy Court erred in concluding that the Debtors should not be compelled to arbitrate under traditional contract theories

■ Although the Bankruptcy Court erred in concluding that Nova Hut waived its right to arbitrate, the Bankruptcy

Court's Orders may nonetheless be affirmed if the Bankruptcy Court correctly concluded that the Debtors should not be compelled to arbitrate under the doctrine of equitable estoppel or other related contract principles. Reviewing the conclusions of the Bankruptcy Court under a plenary standard of review, the Court concludes that the Bankruptcy Court's decision was erroneous and should be reversed to the extent that it denied Nova Hut's motions to stay and compel arbitration.

■ It is well-established, that a non-signatory to an arbitration agreement may nevertheless be bound to arbitrate under traditional principles of agency and contract law, including third party beneficiary status, agency law and the doctrine of equitable estoppel. *E.I. DuPont*, 269 F.3d at 193. With regard to the doctrine of equitable estoppel, "courts have held non-signatories to an arbitration clause when the non-signatory knowingly exploits the agreement containing the arbitration clause despite having never signed the agreement." *Id.*, 269 F.3d at 199 (citing *Thomson–CSF, S.A. v. American Arbitration Assoc.*, 64 F.3d 773, 778 (2d Cir.1995)). The policy driving this theory is that a non-signatory should be prevented from embracing a contract and then turning its back on those portions of the contract which it finds distasteful. *Id.* (citations omitted).

In this case, the evidence presented by Nova Hut establishes that the Debtors both embraced the Phase 1 Agreement and received a direct benefit from that agreement. Indeed, the Debtors acknowledged by signing the Performance Guaranty that it "will receive benefit because of the Phase 1 Agreement," and the Debtors went on to embrace and rely upon this benefit after the Agreement was signed. (NHR Exh. 51 at Exh. I at 1). For example, the Debtors' representative, Mr. Bura-

kow noted the importance of the benefit it was to derive from the Phase 1 Agreement when he expressly stated that the "payments due Kaiser International through its subsidiary Kaiser Netherlands from Nova Hut were an *integral component of obtaining confirmation of the Reorganization Plan* because these amounts were projected to be available to the company's allowed creditors." (NHR Exh. 5 ¶ 29) (emphasis added). The Debtors continued to rely on the benefits from the Phase 1 Agreement in seeking other relief in the Bankruptcy Court. For example, in a May 2001 Declaration, Mr. Burakow urged the Court to deny a stay pending arbitration, because "the profits from the Agreement will be paid to Kaiser International." (NHR Exh. 5, ¶ 28). Mr. Burakow also referred to Nova Hut's claim to the proceeds of the Phase 1 Agreement as a "confiscation of Kaiser International's assets . . . ." (NHR Exh. 20 ¶ 28).

The Debtors direct the Court to language in the Phase 1 Agreement evidencing the intent that only signatories to the agreement should be bound by arbitration. However, the case law provides that non-signatories to an agreement containing an arbitration clause may be bound in certain circumstances to arbitrate, including when the doctrine of equitable estoppel applies. The Bankruptcy Court found the parties' silence on arbitration in an agreement entered into by Nova Hut and the Debtors to be significant because, like the clause in the Phase 1 Agreement, it evidenced the intent of Nova Hut and the Debtors not to engage in arbitration. The Court, however, is not persuaded that the parties' intention at the time of entering into the agreements is dispositive in the context of determining whether equitable estoppel should bind a non-signatory to an agreement with an arbitration clause. As the Third Circuit has pointed out, equitable estoppel requires the Court to examine the conduct of the parties after the agree-

ments have been signed, and equitable estoppel does not focus on the intent of the parties at the time the agreements were entered into. *E.I. DuPont,* 269 F.3d at 200 n. 7.

Further, while the Third Amended Complaint contains some claims which are not necessarily expressly tied to the Phase 1 Agreement, it also contains other claims which arise from and/or implicate the Phase 1 Agreement. Equitable estoppel has been applied to compel a non-signatory to arbitrate, where as here, the complaint arises, at least in part, from an underlying Agreement containing an arbitration provision. *International Paper Co. v. Schwabedissen Maschinen & Anlagen,* 206 F.3d 411, 418 (4th Cir.2000). Further, courts have recognized a general policy favoring arbitration, and have noted that in close cases, doubts should be resolved in favor of arbitration. *E.I. DuPont,* 269 F.3d at 194.

In the Court's view, this case presents an extremely close call. However, in light of the public policy favoring arbitration, the nature of the Debtors' claims as arising from and/or implicating the Phase 1 Agreement, the Debtors' conduct in embracing the Phase 1 Agreement and their expectation of a benefit directly from that Agreement, the Court concludes that the doctrine of equitable estoppel should apply to require the Debtors to arbitrate under the Phase 1 Agreement. Accordingly, the Court will reverse the Bankruptcy Court's decision denying Nova Hut's motions to stay and compel arbitration and remand this matter to the Bankruptcy Court for further proceedings consistent with this Memorandum Opinion.

B. *Whether The Bankruptcy Court Erred In Denying Nova Hut's Motion To Dismiss*

By its appeal, Nova Hut contends, as a threshold matter that the Court has

jurisdiction to review the Bankruptcy Court's Order denying Nova Hut's Motion To Dismiss on the basis of pendant appellate jurisdiction. The Debtors contend that Nova Hut has not made the requisite showing to support the exercise of pendant appellate jurisdiction, and therefore, the Court should not entertain Nova Hut's interlocutory appeal of the Bankruptcy Court's Order.

 Pendant appellate jurisdiction permits an appellate court, in its discretion, to exercise jurisdiction over issues that are not independently appealable, but that are intertwined with issues over which the appellate court properly exercises its jurisdiction. *E.I. Du Pont*, 269 F.3d at 203. The Third Circuit has referred to the doctrine of pendant appellate jurisdiction as "a discretionary, though 'narrow,' doctrine" which "should be used 'sparingly,' and only where there is sufficient overlap in the facts relevant to both the appealable and nonappealable issues to warrant plenary review." *Id.* (citing *In re Montgomery County*, 215 F.3d 367, 375–376 (3d Cir. 2000)). In addition, the Third Circuit also stated that pendant appellate jurisdiction "is available only to the extent necessary to ensure meaningful review of an appealable order." *Id.*

In this case, the Court need not examine Nova Hut's arguments concerning dismissal of the Third Amended Complaint to meaningfully review the Bankruptcy Court's denial of the motion to compel arbitration.[2] Accordingly, the Court declines to exercise pendant appellate juris-

diction to review the Bankruptcy Court's Order denying Nova Hut's Motion To Dismiss.

### CONCLUSION

For the reasons discussed, the Court will reverse the Order of the Bankruptcy Court denying Nova Hut's motions to stay and compel arbitration and remand this matter to the Bankruptcy Court for further proceedings consistent with this Memorandum Opinion. In addition, the Court will dismiss Nova Hut's appeal of the Bankruptcy Court's Orders denying Nova Hut's motion to dismiss on the grounds that the Court declines to exercise pendant appellate jurisdiction to review these Orders.

An appropriate Order will be entered.

### *FINAL ORDER*

At Wilmington, this 16th day of March 2004, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. The October 18, 2002 and January 6, 2003 Orders of the United States Bankruptcy Court for the District of Delaware are REVERSED to the extent that they denied the motions to stay and compel arbitration filed by Nova Hut, a.s., and this matter is REMANDED to the Bankruptcy Court for further proceedings consistent with this Memorandum Opinion.

2. The appeal of the October 18, 2002 and January 6, 2003 Orders of the Bankruptcy Court denying dismissal of the

---

**2.** Although the Court touched on the interrelatedness of the claims in the Third Amended Complaint to the Phase 1 Agreement in the context of its arbitration discussion, the Court's inquiry need not extend to the more detailed arguments of whether the Third Amended Complaint states valid claims for relief. Accordingly, the Court concludes that the exercise of pendant appellate jurisdiction

is not warranted in this case. Further, it appears to the Court that Nova Hut advanced this argument as an alternative in the event that the Court did not reverse the Bankruptcy Court's order denying its motion to compel arbitration. Because the Court has reversed the Bankruptcy Court's Order, the Court declines to consider Nova Hut's alternative argument.

Debtors' Third Amended Complaint is DISMISSED for lack of appellate jurisdiction.